WALTER W. ARNOLD, RESPONDENT, v. WALTER PAS-
SAVANT, ET AL., APPELLANTS.

(Submitted May 14, 1897.   Decided June 1, 1897.)

*Pleadings— Water Rights—Abandonment.*

PLEADINGS—The complaint alleged that the plaintiff was the owner of all the waters of
a stream ; the answer denied the appropriation, and also alleged that plaintiff until
1879 (subsequent to defendants' appropriation) had no use for any greater quantity
of water than 50 inches and that his appropriation in excess of that amount was
void.  *Held,* that the allegation in the answer was not affirmative matter and that no
replication was necessary.

WATER RIGHTS—*Dili ence in Using Water*—The evidence showed that plaintiff had
180 acres of land which could be covered by water from his ditches in 1869.  *H ld,*
that the mere fact that for years he only cultivated 45 acres of land, does not
show that he had been guilty of a lack of diligence in using the water for some bene-
ficial purpose.

*Appeal from District Court, Lewis and Clarke County.
Henry N. Blake, Judge.*

ACTION by Walter W. Arnold against Walter Passavant and
others to establish a claim to certain water rights.   From the
decree for plaintiff, and an order denying a new trial, de-
fendants appeal.   Affirmed.

Statement of the case by the justice delivering the opinion.

In 1874, plaintiff and his partner, one Barnes, purchased
two ranches, each 160 acres in area, and a water right appur-
tenant to one of them.   A United States patent for one of
these ranches was issued in 1875.   The other ranch had not
been filed on by the owner from whom it was purchased, but
subsequently plaintiff filed on it as a homestead, and later ob-
tained a patent.   Plaintiff aftewards acquired the interest of
his partner Barnes in all this property.   At the time of the
purchase, the previous owners of these ranches had dive.ted
waters of Spokane creek by means of two ditches, for the
purpose of irrigating the ranch patented in 1875.

In 1878 one Miller commenced the construction of a ditch

tapping Spokane creek several miles above the head of plaint-iff's upper ditch, to divert water from said creek for the pur-pose of irrigating a tract of 680 acres of land. Miller sold his land and water right to the defendants, the Passavants, in the year 1889.

The complaint of plaintiff sets forth, among its other aver-ments, the diversion of waters of Spokane creek by means of the two ditches aforesaid, for the purpose of irrigating the patented ranch, and the use of said water for said purpose. It also alleged that on the 26th day of February, 1879, plaintiff had entered, as a homestead, the other ranch acquired by him and his partner, and, ever since said last-named date, had used the waters of the creek, supplied by the large ditch, for the purpose of irrigating said homestead.

The answer denied that the smaller of plaintiff's ditches had ever tapped Spokane creek, and that water by means of it had ever been conveyed from said creek. There was a similar denial as to the larger ditch. The answer also denied that, for a period of 16 years, the plaintiff had ever used any of the waters of said creek for irrigating any of his land. For a separate defense, it set forth in paragraph three that prior to 1879 plaintiff was the owner of only 160 acres of land ; that, of the 160 acres aforesaid, only 30 or 40 acres were susceptible of cultivation or irrigation ; and that until 1879 the plaintiff had had no use for any greater quantity of water than 50 inches ; and that any appropriation in excess of 50 inches was void. For another defense, it set forth Miller's water right, and a continuous use thereof. It alleged an ad-verse and exclusive use of all the waters of Spokane creek by the defendants, the Passavants, and their predecessor in in-terest, Miller, for a period of some 15 years (the period necessary under the statute being only five years). It further alleged as an estoppel that plaintiff had stood by and allowed Miller to expend money on his ditch without protest, and had acquiesced in the exclusive use of all the waters of the creek by Miller and the said defendants for a period of some 15 years.

The replication denied that Miller had acquired his water right prior to 1891. It also denied in detail the allegations in the answer as to adverse possession and estoppel. On the trial the plaintiff was permitted, without objection, to introduce evidence to establish the fact that he himself had used the waters of Spokane creek both on his patented and his homestead ranch ever since 1874.

The case was tried with a jury. The jury made special findings substantially as follows: The carrying capacity of plaintiff's lower ditch was 50 inches. Water was used through this ditch in the year 1866.

The carrying capacity of plaintiff's upper ditch was 150 inches. Water was used through this ditch on plaintiff's patented ranch in 1869, and on his unpatented ranch the same year. Of the patented ranch, 125 acres could be covered by water from the upper ditch, and 15 acres by the smaller ditch. On plaintiff's patented ranch, at the time of Miller's appropriation of the water, 30 acres of plowed land had been irrigated. On plaintiff's homestead ranch there were about 40 acres which could be covered by water from his upper ditch; and on said homestead ranch five acres of plowed land and 10 acres of hay land had been actually irrigated at the time of the Miller appropriation of water. Miller knew, at the time he commenced to construct his ditch, of the water right of plaintiff. Plaintiff did not suffer Miller to expend money in the construction of the ditch without giving him notice of his water right. Miller made his appropriation subject to plaintiff's right.

Finding No. 16 was as follows: Question: "Did Miller, during the time he owned the ranch, claim in hostility to Barnes and Arnold, or Arnold, as himself owning the first right, or did he only claim and assert a second right subject to theirs?" Answer: "He claimed first right."

Finding No. 17 was as follows: Question: "Was Miller's use of the water in defiance of plaintiff's right, or did he always admit that plaintiff had the oldest right?" Answer: "He used the water in defiance of Barnes' and Arnold's claim."

The jury found that, in the low-water seasons before 1877, plaintiff had use for all the water naturally flowing down Spokane creek to him ; also, that prior to 1882 plaintiff had irrigated only 45 acres of land on his two ranches, and that 45 inches was sufficient for their irrigation ; that Miller commenced to construct his ditch in 1878, and completed it and used the water through it in 1881 ; and that the capacity of the Miller ditch was sufficient to take all the waters of Spokane creek at ordinary irrigating seasons.

Finding No. 26 was as follows: Question. "Have defendants and their predecessor Miller, at all times since 1880, actually used and claimed all the waters of Spokane creek at the point where the Miller ditch taps said creek, openly and adversely against the plaintiff and all other persons ?" Answer : "He claimed it, but did not use it continuously."

Finding No. 27 was as follows : Question : "Have the defendants or their predecessor, Miller, ever recognized the claim of plaintiff to any of the waters of Spokane creek which flow down to the Miller ditch ?" Answer : "Defendants did not, but Miller did."

Finding No. 28 was as follows : Question : "Have the defendants or their predecessor, for a continued period of five years, at any one time since 1880, actually and openly and adversely held and used the waters of Spokane creek at the point where the Miller ditch taps said creek, against the claims of the plaintiff and all other persons ?" Answer : "The jury is unable to say whether the defendants or their predecessor held the waters or not, but it is satisfied they did not use it continuously for five years."

After the jury had returned their findings, and before the court adopted them, the defendants moved the court to set aside certain of these findings, and to substitute different ones in place of others.

They also asked the court to make additional findings on the following points :

(1) "Are there any springs or other sources of supply below the ditch of defendants that furnish plaintiff with water

for irrigating purposes, and, if so, how much water will said springs or other sources generally supply through the irrigating season ?''

(2)  ''Did the plaintiff and his predecessors use reasonable diligence in applying the water diverted by them from Spokane creek to some useful and beneficial purpose, and, if so, how much of said water was so diligently applied and used ?''

On July 2, 1895, the court overruled defendants' motion, adopted the findings of the jury, and signed a decree in favor of plaintiff.  In this decree the court made an additional finding, to the effect that there were springs below the ditch of defendants, which sometimes furnished plaintiff with 70 inches of water for irrigating purposes.  The decree awarded to plaintiff 110 inches of the waters of Spokane creek, as between him and the defendants the Passavants.  It also awarded plaintiff 70 inches of the water furnished by springs rising in the channel of Spokane creek below the ditch of defendants.

Appellants appeal from the decree and the order denying a motion for a new trial.

*Smith & Word*, for Appellants.

*Toole & Wallace*, for Respondent.

BUCK, J.—Did the court err in admitting evidence for the purpose of showing that more than 30 or 40 acres of the ranch of plaintiff, patented in 1875, were susceptible of irrigation by means of plaintiff's two ditches?

Appellants insist that, inasmuch as the replication failed to deny the averment in paragraph three of their answer that plaintiff prior to 1879 had no beneficial use for more than 50 inches of said water, said evidence should have been excluded. The defenses as set forth in the answer are somewhat inconsistent ; that is, there is an inconsistency between the theory of the defense in the direct denials of the averments of the complaint and the other defenses, including the one embraced in paragraph three.

The mootable question of whether a defendant can set forth

in his verified answer a defense absolutely contradictory of denials therein is not before us. But any toleration by the courts of inconsistent defenses in the same answer is due only to a desire to fully protect a defendant's interests. By setting forth inconsistent pleadings, a defendant should never be allowed to lay a snare for his adversary. This, however, is simply a suggestion so far as the actual merits of this case are concerned.

Plaintiff's complaint, in our opinion, contained averments sufficient to tender a general issue. Defendants' denials raised a general issue. The admission of paragraph three of the answer, that plaintiff was entitled to 50, but no greater, number of inches of the waters of Spokane creek, was simply an attempt to eke out the absolute denial that he was entitled to any of the waters of said creek. Regarded as a defense by itself, said paragraph three is also incomplete. Therefore it did not set forth any new matter requiring a specific denial in the replication. Nor does paragraph three plead sufficiently any abandonment of any part of plaintiff's originally acquired water right, or any lack of diligence in the application of any of the water to a useful purpose, which would be in the nature of an abandonment.

Without deciding whether any lack of diligence or abandonment in respect to plaintiff's water right should have been pleaded in order to admit the evidence to establish the same, nevertheless we think that it would always be the better practice to plead such a defense.

But even conceding that any lack of diligence on plaintiff's part might have been shown under the general issue, the evidence fails to show that plaintiff was guilty of any unreasonable delay in the application of any water to a useful purpose. Plaintiff testified, and he was not contradicted, that he cultivated his land, and used water to irrigate it, as he and his partner got money in their pockets. For all that appears, he was a farmer, struggling for a livelihood, and clinging to his water right for the benefit of the lands for which it was originally acquired. There had been no diversion of water

from this creek by plaintiff or his predecessors for speculative purposes. These lands and this water right appurtenant to them had been acquired prior to any appropriation of any of the waters of Spokane creek by Miller, defendant's predecessor.

The jury found that 140 acres upon plaintiff's first patented ranch, and 40 acres on his other ranch, were capable of being covered with water, by means of the two ditches as early as 1869. By inference from the mere fact that plaintiff had only 45 acres on his two ranches under cultivation, alone, could he have been held guilty of a lack of diligence.

The jury found that prior to 1877, in the low-water season, plaintiff had use for all the water of Spokane creek naturally flowing down to his ditches. If this be true, would he have been justified in attempting to bring more acreage under cultivation? The trial court, under this condition of affairs, committed no error in refusing to find that plaintiff had, or had not, used reasonable diligence in applying any part of the water to a beneficial use.

It follows that the objection that the court refused to instruct the jury on the ground of whether or not plaintiff had used reasonable diligence is also without merit.

Are the findings contradictory? Not in any material respect. It is true, the jury found that Miller and defendants claimed first right and used the waters of Spokane creek in defiance of plaintiff's claim, but they also practically found that the defendants had not established their defense of adverse possession. We think the evidence is sufficient to justify the findings of the jury and the decree of the court. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.