STATE, RESPONDENT, *v.* SHEPPHARD, APPELLANT.

[No. 1,417.]

[Submitted October 17, 1899.   Decided November 6, 1899.]

*Criminal Law—Review—Action of Trial Court in Denying a New Trial—Presumption—Appeal for Insufficiency of Evidence—Record—Noncompliance with Supreme Court Rules—Effect—Trial—Opening Statement of Prosecuting Attorney.*

1. The trial court is presumed to have acted legally in denying motion for a new trial, and to have based on a proper foundation its decision that the evidence was sufficient to sustain the conviction.
2. An appellant, relying on the insufficiency of the evidence, must show by the record affirmatively all material facts, or the substance thereof. so as to overcome the presumption in favor of the court below.
3. On an appeal for insufficiency of the evidence to convict, the entire evidence which is material, or its substance, should be before the appellate court in the bill of exceptions.
4. On an appeal for insufficiency of the evidence to justify the verdict, the appellate court will not examine the evidence to test its sufficiency, unless the fact that the bill of exceptions contains all the evidence, or the substance thereof, be certified to by the trial judge, or the bill itself clearly shows such to be the fact.
5. The certificate of the stenographer, who transcribed his notes for an appeal, that the transcript contains all the evidence, cannot supply the certificate of the judge to that effect, or an omission of the bill of exceptions itself to show that it does.
6. A failure to comply with Supreme Court Rule V. regulating the form of appellant's brief, will warrant a refusal to consider specifications of error.
7. It is not "misconduct" on the part of the prosecuting attorney to state to the jury in his opening statement that the defendant had made a confession, even though said confession be subsequently held to be inadmissible.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

Charles Shepphard was convicted of murder in the second degree, and from the judgment and from an order denying a new trial he appeals.   Affirmed.

*Messrs. Walsh & James*, for Appellant.

*Mr. C. B. Nolan, Attorney General*, and *Mr. J. H. Duffy*, for the State.

**MR. JUSTICE HUNT** delivered the opinion of the Court.

The defendant, Charles Shepphard, was convicted of murder in the second degree, for the deliberate killing of John Benson, at Deer Lodge county, on or about November 6, 1898. He appeals from the judgment and from an order overruling his motion for a new trial.

The principal error pressed upon our consideration is the alleged insufficiency of the evidence to sustain the verdict. This Court cannot say, though, that the evidence did not justify the verdict and order of the court denying a new trial. There is a presumption obtaining that the district court acted in obedience to the rules of law, and that its decision that there was evidence sufficient to sustain the conviction rested upon a proper foundation. An appellant, relying upon the ground of insufficiency of evidence to justify a verdict, is in duty bound to make up his record so that it will affirmatively show all the material facts, or the substance thereof, upon which he predicates his assignment; that is, the appellant assumes to remove the reasonable intendments or presumptions which favorably accompany the action of the trial court. (*People* v. *Williams*, 45 Cal. 25.)

It is well established that, where the error relied on is the insufficiency of the evidence to justify the verdict, the entire evidence, or its substance, which is material, should be before the appellate court, to enable it to say whether or not the order denying a new trial was erroneously made. (*People* v. *Leong Sing*, 77 Cal. 117, 19 Pac. 254.) This being so, it is the duty of an appellant to see to it that his bill of exceptions contains, not only all the material evidence, or the substance thereof, but that that fact is properly certified to by the district judge who certifies to the bill, or that the bill of exceptions itself shows that the evidence therein contained and set forth is *all* the evidence had on the trial material to the illustration of the alleged insufficiency thereof to justify the verdict. Where the judge's certificate is relied on, we think it sufficient if it uses any language by which it clearly appears that the bill contains all the evidence, or so much thereof as is necessary to demonstrate the point relied on, and that there need

be no adherence to any precise words in the certificate of that fact. (*People* v. *Henchler*, 137 Ill. 580, 27 N. E. 602; *Brock* v. *State*, 85 Ind. 397; *Grisell* v. *Noel Bros,' Flour-Feed Co.*, 9 Ind. App. 251, 36 N. E. 452; *Jones* v. *Layman*, 123 Ind. 569, 24 N. E. 363.) Where the bill of exceptions itself is relied on to show the insufficiency of the evidence, it should either set forth in express language that all the evidence, or the substance thereof, or so much thereof as is necessary to illustrate the point relied on, is all incorporated in the bill, or it should contain statements equivalent to such expressions, or it should show a whole connected narrative, so constructed that it clearly appears that all the material evidence, or the substance thereof, is incorporated in the bill.

The practice in this state, though not uniform, in pursuing one of the two methods required, is yet quite consistent in observance of the essentials of whichever mode is selected. For instance, on examination of the transcript, we find that at the conclusion of the testimony in the case of *Hamilton* v. *Great Falls Street Railway Co.*, 17 Mont. 334, 42 Pac. 860, and 43 Pac. 713, appear the words: "The foregoing was all the evidence in the case,"—a form to be commended; so, in the original record in the case of *State ex rel. Pigott* v. *Benton*, 13 Mont. 306, 34 Pac. 301, at the close of the testimony and admissions, these words appear: "And this was all the evidence;" and in *Bonner* v. *Minnier et al.*, 13 Mont. 269, 34 Pac. 30, the transcript discloses that these words were used: "The foregoing was all the testimony and evidence introduced by the parties upon the trial of the cause,"—any one of which forms obviously secures certainty, and enables this Court to determine that all the evidence is in the record. Where the bill of exceptions itself is not certain, an example of a good form of certificate by the judge is found in the case of *State* v. *Sloan*, 22 Mont. 293, 56 Pac. 364, where Judge Armstrong certified that "the foregoing bill of exceptions is full, true, and correct, and that it contains *all* the evidence introduced and offered   *   *   *   on the trial of said cause."

But the record before us is fatally deficient under the

requirements and practice of either method. We find the judge's certificate is as follows: "The above and foregoing bill of exceptions and statement on motion for new trial is this day settled and allowed, in the presence of the respective counsel herein, in open court, this 3d day of April, 1899." It falls short of showing, by positive or inferential language, that the bill of exceptions contains all the evidence, or the substance thereof, and we cannot presume from this certificate that it does, while the bill of exceptions itself fails to recite that all the evidence had on the trial is included therein; nor does it fairly appear from the expressions of the bill of exceptions that no other evidence was introduced than that contained in the bill. (*Hibbard* v. *Kirby*, 38 Ark. 102.) To illustrate, after the recital of the filing of the information and the arraignment and plea, the bill continues: "That thereafter, to-wit, on the 17th day of January, 1899, this cause came on regularly to be heard, * * * and the following testimony was introduced and proceedings had." Then follows an examination of a juror as to his qualifications, and an exception by the defendant to the ruling of the court excusing the juror. Next comes the recital of a remark made by the county attorney in his opening statement, to which objection was made, which was overruled by the court, and to which ruling defendant excepted. The bill continues: "W. L. Powell, a witness on behalf of the state, after being duly sworn, testified as follows." Then appears the testimony of Dr. Howsley, "a witness on behalf of the state." Next follows the testimony of several other witnesses, and at the end of one appear the words, "State rests." The next thing apparent is a motion by defendant that the court direct a verdict of not guilty upon certain grounds. This was overruled, and an exception noted. Defendant's testimony follows. At the conclusion of the testimony of one of his witnesses, the bill recites, "Defendant rests." Rebuttal testimony then comes, and we find the words, "Testimony closed." And this is all that there is in the bill to show that it contains all the evidence, or the substance thereof, had upon the trial,

except a certificate of the stenographer of the court certifying that "the above and foregoing transcript, pages 1 to 168, both numbers being inclusive, contains a full, true, and correct copy of my notes, in narrative form, taken at the trial of the above-entitled cause, to the best of my ability." But the certificate of the stenographer cannot be considered by this Court to supply the certificate of the judge or the omissions of the bill of exceptions itself. (Code of Civil Procedure, Sec. 377; *People* v. *Woods*, 43 Cal. 176; *People* v. *Armstrong*, 44 Cal. 326.) If, after the testimony of the prosecution, there had been a recital that "thereupon" the state rested, and after the last testimony of the defendant incorporated in the bill a recital that "thereupon" the defendant rested, or the formula that "this was all the evidence given in the case" had appeared, or there were sufficient in respect to the judge's certificate to make it reasonably certain that the whole of the evidence material to the point assigned, or the whole of the substance thereof, was in the record, we should examine into it to test its sufficiency. (*Ironwood Store Co.* v. *Harrison*, 75 Mich. 197, 42 N. W. 808.) But it is not at all clear by this record that there was no other evidence before the jury than that included in the record, and, in the absence of an affirmative showing of a connected narrative or of positive statement that the entire evidence is therein, defendant has failed to avail himself of the point he would rely on.

The appellant assigns a number of other errors in his specification of errors of law occurring at the trial and excepted to by the defendant. But his counsel have entirely ignored Rule V of the rules of this Court (44 Pac. vii), which requires that: "The appellant's brief shall contain, *in the order* here stated:  *  *  *  (b) A specification of errors relied upon, which shall be numbered and shall set out separately and particularly each error intended to be urged," etc.

"(c) A brief of the argument, exhibiting a clear statement of the points of law or fact to be discussed, with a reference to the page of the record, and the authorities relied upon in support of each point."

This failure to comply with the rules of the Court warrants us in refusing to discuss the several points pressed by the specifications.    (*State* v. *Allen*, 23 Mont. 118, 57 Pac. 725.)

In their argument upon the insufficiency of the evidence to justify the verdict, counsel refer to the misconduct ''of the prosecuting attorney in pressing his case in the manner shown by the record.''   This ''misconduct'' seems to have consisted in this:    The county attorney, in his opening statement, told the jury that defendant had made a confession.    Thereafter certain confessions of the defendant were offered in evidence, and admitted, after the court had heard testimony in relation to the circumstances under which the confessions had been made.    After the introduction and admission of such confessions, on motion of the defendant the court withdrew them from the consideration of the jury, upon the ground that it appeared that the defendant had made the admissions while laboring under some inducement and fear of the authority of the officials to whom he made them.    But, in our opinion, there was no ''misconduct on the part of the prosecuting attorney'' in stating to the jury that a confession had been made, or in endeavoring to have the confessions admitted in evidence as part of the state's case; indeed, in our judgment, two of the confessions were admissible, and it was error on the part of the court to have withdrawn them from the consideration of the jury.    It is unnecessary to discuss any of the other assignments.    They are deemed waived, because not argued.

The judgment and order appealed from are affirmed.

*Affirmed.*