PASSAVANT, APPELLANT, v. ARNOLD, RESPONDENT.

(No. 2,288.)

(Submitted October 6, 1906. Decided December 4, 1906.)

*Appeal—Record—Sufficiency—New Trial Statement—Practice.*

Appeal—Record—Evidence—New Trial Statement—Sufficiency.
    1.  Where a statement on motion for a new-trial does not contain a recital that all, or the substance of all, the evidence adduced at the trial is incorporated in it, and the narrative of the proceedings is not so connected as to enable the supreme court on appeal to say that it affirmatively appears that such is the fact, the certificate of the judge attached to the statement not referring to the evidence at all, the sufficiency of the evidence to justify the findings of the court in a water right suit will not be reviewed.
Same—New Trial Statement—Practice—Record—Contents.
    2.  The better and safer practice for the party moving for a new trial is to insert in the statement a recital showing unequivocally that it contains all, or the substance of all, the evidence adduced at the trial, for in undertaking to construct a narrative of the proceedings so connected as to show affirmatively that such is the fact, he does so at his peril.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Walter Passavant against Walter W. Arnold. From a judgment and from an order denying a new trial, defendant appeals. Affirmed.

*Messrs. Bach & Wight,* and *Mr. T. J. Walsh,* for Appellant.

*Messrs. Word & Word,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to obtain a judgment quieting the title to the use of certain of the waters of Spokane creek in Lewis and Clark county. The right in controversy is based upon an appropriation of one hundred and eighty inches made by the defendant, which plaintiff claims he now owns under certain conveyances from defendant. One of these purports to convey a right to the use of one hundred and ten inches, statutory measurement, out of the headwaters of the stream and its upper tributaries, and was made directly to the plaintiff. As to the effect of this conveyance there is no controversy. The claim to the remainder of the right rests upon the construction of a certain bond for a deed executed by defendant to one Rohde to certain lands, together with one-half of the water and water right at the head of defendant's ditch, of a deed by defendant to one Semenec who became the assignee of the bond, and a deed from Semenec to the plaintiff. The bond referred to was executed prior to the date of the deed to the one hundred and ten inches, but the latter was taken without notice, and was first recorded. The issue tried was whether the defendant still owns one-half of the interest remaining after the first deed was executed.

The plaintiff, pleading and relying upon a final judgment rendered by the district court of Lewis and Clark county on

July 2, 1897, in a cause wherein the defendant was plaintiff and the plaintiff herein was one of the defendants (*Arnold* v. *Passavant*, 19 Mont. 575, 49 Pac. 400), by which the priorities of the respective rights of the parties to the use of the waters of the stream as they then existed were determined, assumed the position that the terms of these conveyances are clear and unambiguous, and that defendant was estopped by the judgment referred to, to dispute his right asserted under them.　Defendant assumed the position that the terms of these conveyances are indefinite and ambiguous and, if construed and applied to the subject matter in the light of the attendant circumstances, they would sustain his claim of title.　The court, upon the evidence adduced, found the issue in favor of the plaintiff.　The defendant has appealed from the judgment and an order denying him a new trial.　The sole question submitted by him is whether the evidence justifies the findings.　He is met by an objection by plaintiff that this question cannot be considered, for the reason that it does not appear affirmatively that the record contains all of the evidence.

On appeal the presumption is that the action of the trial court is correct, and in order to overturn its judgment or decision it is incumbent upon the appellant to show affirmatively that error has been committed.　(*Rumney L. & C. Co.* v. *Detroit etc. C. Co.*, 19 Mont. 557, 49 Pac. 395.)　If substantial error is made apparent, prejudice will be presumed unless the record shows affirmatively that such error is not prejudicial.　(*Parrin* v. *Montana C. Ry. Co.*, 22 Mont. 290, 56 Pac. 315.)　If the error alleged is one of law, the record must show affirmatively the objectionable ruling, together with so much of the attendant proceedings as will make it apparent.　If the ruling or decision does not belong to the class to which the statute reserves an exception (Code Civ. Proc., sec. 1151), the record must show an exception, properly reserved at the time by the appellant himself. If the error complained of be that the evidence is insufficient to sustain the findings or verdict, this court cannot, upon a review of the decision, declare it erroneous unless the record contains all

the evidence, incorporated therein as prescribed by the statute, and that it does so should affirmatively appear (*State* v. *Shepphard*, 23 Mont. 323, 58 Pac. 868; *Ramsey* v. *Burns*, 27 Mont. 154, 69 Pac. 711; *King* v. *Pony Gold M. Co.*, 28 Mont. 74, 72 Pac. 309); for the functions of this court being confined to a review of the proceedings had in the district court, the record in relation to the matter upon which review is sought, must be the same, so far as may be, as that upon which the district court acted. That it is the same this court cannot know except by affirmative proof, for the presumptions in this regard do not aid the appellant. To hold otherwise would be to disregard entirely the presumption of the correctness and regularity in favor of the particular ruling. The proof should be made by recital in the record itself.

Section 1155 of the Code of Civil Procedure provides what the certificate of the judge attached to the bill of exceptions or statement shall contain. It does not authorize any other statement than that "the same (the bill) is allowed." In *State* v. *Shepphard, supra,* it is said: "Where the bill of exceptions itself is relied on to show the insufficiency of the evidence, it should either set forth in express language that all the evidence, or the substance thereof, or so much thereof as is necessary to illustrate the point relied on, is all incorporated in the bill, or it should contain statements equivalent to such expressions, or it should show a whole connected narrative, so constructed that it clearly appears that all the material evidence, or the substance thereof, is incorporated in the bill." In another place in the opinion it is said, in substance, that it is sufficient if it appears from the certificate of the judge that the whole of the evidence is in the record. In view of what the statute provides, we doubt the technical correctness of this statement, and if this question were an open one we should hold differently. Inasmuch, however, as it is frequently the practice to have the judge certify that the record contains the evidence, encouraged no doubt by the statement referred to, we shall not now say that such practice is bad. The better rule is that the statement or bill itself should contain recitals showing unequivocally the facts. This

court went to the extreme limit of liberality in the case of *State* v. *Shepphard,* and if, as suggested therein may be done, the moving party undertakes to construct a narrative of the proceedings so connected as to show affirmatively that the record contains all the evidence, he does so at his peril. It is much easier and safer to have an express recital in the bill or statement itself.

In this case we find no recital in the statement; nor does the certificate of the judge refer to the evidence. The narrative of the proceedings is not so connected as to enable us to say from an examination of it that it affirmatively appears that all, or the substance of all, the evidence is incorporated in the statement. For this reason the objection of respondent must be sustained.

The result is that the judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.