(January 22, 1909.)

## A. K. STODDARD, Appellant, v. J. W. FOX et al., Respondents.

[99 Pac. 122.]

SUFFICIENCY OF EVIDENCE — CERTIFICATE TO STATEMENT — AFFIRMATIVE SHOWING BY RECORD.

1. Where an appellant relies upon the insufficiency of the evidence for a reversal of the judgment, he must present a record to the appellate court which will affirmatively show that it contains all the evidence or the substance of all the evidence given in the case, or given on the specific point urged, before the appellate court will examine the evidence for the purpose of determining its sufficiency or insufficiency.

2. The presumption in the first instance is that the trial court entered its judgment upon sufficient evidence, and when a defeated party attacks such judgment he must show error.

3. If the record on appeal fails to show that it contains all the evidence that was produced in the case or on the specific point in the trial court, and the evidence contained in the record is insufficient to support the judgment, the appellate court will assume that there was other and sufficient evidence before the trial court on which to base the judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District for the County of Canyon. Hon. Ed. L. Bryan, Judge.

From a judgment in favor of the defendants plaintiff appealed, and assigned as error the insufficiency of the evidence. *Appeal dismissed.*

G. W. Lamson, for Appellant.

"A statement certified by the judge as correct is not open on appeal to the objection that it does not contain all the evidence." (*Richardson v. City of Eureka*, 96 Cal. 443, 31 Pac. 458; *Garrott v. Ratliff*, 83 Ky. 384.)

In the case at bar there is no appearance of any evidence having been omitted. The recital in the certificate that the

bill of exceptions was settled and allowed is equivalent to stating it contained all of the evidence necessary, and if there were omissions, the presumption is they were of no consequence in the absence of objections by respondent. The fair import of the words in the certificate warrant the presumption. (*Stevens v. North Western Stage Co.*, 1 Ida. 604; *Connor v. Morris*, 23 Cal. 447; *Vilhac v. Biven*, 28 Cal. 409; *Redman v. Gulnac*, 5 Cal. 148; *Battersby v. Abbott*, 9 Cal. 565.)

W. A. Stone, and R. B. Scatterday, for Respondents.

When the exception is to the verdict or decision on the grounds of insufficiency of evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient. (Sec. 4428, Rev. Stat.; *Warren v. Stoddart*, 6 Ida. 692, 59 Pac. 540; *Hole v. Van Duzer*, 11 Ida. 79, 81 Pac. 109; *Commercial Bank v. Redfield*, 122 Cal. 405, 55 Pac. 160.)

Where the appeal record contains no recital or certificate of the trial judge that the bill of exceptions contains all the evidence, an objection that the judgment was not sustained by the evidence cannot be reviewed. (*Stickney v. Hanrahan*, 7 Ida. 424, 63 Pac. 189; *State v. Shepphard*, 23 Mont. 323, 58 Pac. 868; *King v. Pony Gold Mining Co.*, 28 Mont. 74, 72 Pac. 309; *Behrman v. Stranahan*, 15 Colo. App. 454, 62 Pac. 1050; *Young v. Hatch*, 30 Colo. 422, 70 Pac. 693; *Advance Thresher Co. v. Esteb*, 41 Or. 469, 69 Pac. 447; *Passavant v. Arnold*, 34 Mont. 513, 87 Pac. 905; *Adkins v. City of Monmouth*, 41 Or. 469, 68 Pac. 737; *Garretson v. Witherspoon*, 15 Okl. 473, 83 Pac. 415; *Callahan v. Houck & Co.*, 14 Wyo. 201, 83 Pac. 372; *Smith v. Alexander*, 67 Kan. 862, 74 Pac. 240; *Crooks v. Harmon*, 29 Utah, 304, 81 Pac. 95; *White Pine Co. v. Herrick*, 19 Nev. 311, 10 Pac. 215; *Froman v. Wilson*, 20 Colo. App. 297, 78 Pac. 615.)

AILSHIE, J.—Several motions have been presented in this case, and upon the hearing a motion to strike from the tran-

script certain parts thereof, which were not incorporated in·
the statement or bill of exceptions, was granted. The matter
thus stricken out is designated as a motion to vacate the ver--
dict of the jury and grant a new trial, and to enter judgment.
*non obstante veredicto.* Those matters do not form a part of
the judgment-roll, and cannot be brought to this court on ap-
peal, except by statement or bill of exceptions.

A motion has been made to strike the bill of exceptions·
from the transcript, for the reason that it does not contain
specifications and particulars in which the evidence is alleged.
to be insufficient to sustain the verdict and judgment. There·
is an attempt at specifications in this statement, but it is very
meager. It is unnecessary, however, for us to determine in
this case whether or not we would strike the bill of excep-
tions from the transcript on that ground for the following:
reasons: There is no certificate in the transcript or other state--
ment to the effect that the bill of exceptions or statement con-
tains all the evidence produced in this case. It was admitted
by appellant on the argument that the only question he had
to present is the insufficiency of the evidence, and that if the·
court should conclude that the record furnished does not sat--
isfactorily show that all the evidence produced in the case·
has been brought to this court, the appeal should be dismissed..
We have examined the record very carefully and the authori-
ties furnished, and are satisfied that we would not be justified
in inferring from this record that it contains all the evidence·
produced in the case. We are further satisfied upon both rea--
son and authority that the record should show, either by the·
certificate of the judge or by other statements or recitals there--
in, that it contains all the evidence produced in the case be-
fore this court would be justified in examining it for the·
purpose of determining the sufficiency of the evidence to sup--
port the verdict and judgment. This has been the uniform.
practice in this court, although the rule has not been affirm-
atively announced in any written opinion to which our atten--
tion has been called. Where a judgment of the trial court is.
attacked, the presumptions, in the first instance, are all to·
the effect that the judgment was rendered and entered upon:

sufficient and competent evidence. In order to overcome that presumption, the party attacking the judgment should furnish to the appellate court all the evidence, or substance thereof, that was produced before the trial court, and his record should show that it does in fact contain all the evidence. Sec. 4428 Rev. Codes, provides that in settlement of statements and bills of exception "the objection must be stated, with so much of the evidence or other matter as is necessary to explain it, and no more." If the insufficiency of the evidence complained of were directed only to one specific part of the case, it might be unnecessary to bring all the evidence here, provided it were certified by the judge that there was no evidence on that point, or that the record contained all the evidence given on the particular point. It is not sufficient to bring up a mass of evidence and then indulge in the presumption that it contains all the evidence in the case. There is no presumption to that effect. The party assailing the judgment of a court of record must show error; he must point it out; and no presumptions are going to be indulged in his favor. In this case the statement or bill of exceptions, as it is designated, recites that certain witnesses were "called and testified as follows"; and in the course of their testimony certain documentary evidence appears to have been introduced. Thereafter it contains the recital: "Plaintiff rests." Following this a number of witnesses appear to have been "called and sworn for defendants, and testified as follows"; and some testimony appears and documentary evidence was introduced. Thereupon follows this recital: "Defense rested and cause submitted to the jury under instructions." The certificate settling the statement or bill of exceptions is as follows: "The foregoing statement and bill of exceptions settled and allowed this 27th day of March, 1908. Ed. L. Bryan, Judge." These recitals and this certificate cannot amount to an affirmative showing that the statement contains all the evidence in the case. All of these recitals and this certificate might be absolutely and literally true, and yet a great bulk of evidence has been produced that is not included in the record. For these reasons we cannot examine the evidence

for the purpose of determining its sufficiency to support the verdict and judgment. This question has been repeatedly passed upon by the courts. In *State v. Shepphard*, 23 Mont. 323, 58 Pac. 868, the supreme court of Montana had under consideration a statement wherein the certificate and recitals were almost identical with those in the record under consideration, and the court held that they were insufficient, and refused to examine the evidence on that ground. The syllabus to that case says: "The trial court is presumed to have acted legally, and to have based on a proper foundation its decision that the evidence was sufficient. An appellant relying on the insufficiency of the evidence, must show by the record affirmatively all material facts, or the substance thereof, so as to overcome the presumption in favor of the court below." That case was cited with approval and followed in *King v. Pony G. M. Co.*, 28 Mont. 74, 72 Pac. 309, and also in *Passavant v. Arnold*, 34 Mont. 513, 87 Pac. 905. *King v. Pony G. M. Co.*, *supra*, was cited and approved in *Landt v. Schneider*, 31 Mont. 15, 77 Pac. 307. The rule here announced is maintained in Oregon (*Adkins v. City of Monmouth*, 41 Or. 469, 68 Pac. 737), Oklahoma (*Crossley v. Couch*, 15 Okl. 522, 82 Pac. 831), Utah (*Crooks v. Harmon*, 29 Utah, 304, 81 Pac. 95), Kansas (*Smith v. Alexander*, 67 Kan. 862, 74 Pac. 240), Wyoming (*Callahan v. Houck & Co.*, 14 Wyo. 201, 83 Pac. 372), Nevada (*Whitepine Co. v. Herrick*, 19 Nev. 311, 10 Pac. 215), Colorado (*Means v. Gotthelf*, 31 Colo. 168, 71 Pac. 1117), and other states. (See 3 Cyc. 167.)

Although we cannot examine the evidence for the purpose of determining its sufficiency, that would not be sufficient ground for striking the bill of exceptions from the transcript if it contained any exceptions taken upon the trial or other assignments of error. It would still be a proper part of the transcript for the purpose of ascertaining if any errors of law were committed. It was admitted, however, on the argument, that it contained no other specifications or assignments of error, and that if it is not sufficient for the purpose of authorizing the court to examine the evidence, the motion should be sustained and the appeal dismissed. Since we have

determined that it is not sufficient for the purposes of examining the sufficiency of the evidence, the motion will be granted and the appeal is dismissed. Costs in favor of respondent.

Stewart, J., concurs.