(July 29, 1922.)

W. P. GROPP, Appellant, v. W. S. HUYETTE, ERB
HARDWARE COMPANY, a Corporation, T. S.
WARD, CHARLES HAHN, R. C. BEACH COM-
PANY, a Corporation, JOHN OLSON, A. M. VAN
DYK, WALTER H. BRISTOL, VOLLMER–CLEAR-
WATER COMPANY, a Corporation, W. PORTER
SHAFER and LEWISTON GROCERY COMPANY,
a Corporation, Respondents.

[208 Pac. 848.]

PLEADING AND PRACTICE—WRIT OF PROHIBITION—WHEN IT WILL NOT
ISSUE—MOTION TO DISMISS APPEAL—RECORD ON APPEAL—WHAT
MAY BE CONSIDERED WITHOUT TRANSCRIPT OF EVIDENCE.

1. Where an inferior tribunal has jurisdiction of the parties
and subject matter of an action, and is proceeding regularly to
hear and determine the same, an appellate court is without juris-
diction to arrest such proceedings by a writ of prohibition, its
power being limited to a review of the same after the court of
original jurisdiction has decided such controversy.

2. Where an action is commenced against a sheriff and others
for damages for having wrongfully foreclosed a chattel mortgage
under C. S., sec. 6380 et seq., an appeal from the judgment sus-
taining such foreclosure proceedings will not be dismissed on the
ground that after the sale, the question of its validity is *res
judicata.*

3. An appeal will not be dismissed because the clerk below
failed to certify that the judgment-roll was sent up to this court,
if the record contains the files which ordinarily constitute the
judgment-roll, and such record is sufficient to present any ques-
tion appellant seeks to have reviewed.

4. Where there is no statement, bill of exceptions or re-
porter's transcript properly settled in the record on appeal, it
will only be examined for fundamental errors, and if in any view
of the record the judgment below can be upheld, it will be
affirmed.

Publisher's Note.

1. Prohibition as process for review and correction of errors, see
notes in 1 **Ann. Cas.** 713; **Ann. Cas.** 1913D, 593.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action for damages for wrongful foreclosure of chattel mortgage. Judgment for defendants and plaintiff appeals. *Affirmed.*

Benjamin F. Tweedy, for Appellant.

While the instant action is on appeal, the judgment herein cannot be used as *res adjudicata*, for, so long as appeal is pending, the judgment is not final. (*Chambers v. Farnham*, 39 Cal. App. 17, 179 Pac. 423; *Vance v. Heath*, 42 Utah, 148, 129 Pac. 365.)

Whenever a statute, either impliedly or expressly, prohibits the maintenance or commencement of further prosecution, or commands a stay, of an action, always a writ of prohibition from supreme courts to trial courts is granted; the supreme courts enforce statutory prohibitions by writ of prohibition. The writ of prohibition is used to make trial courts proceed in accordance with statutes; such even as to the joinder of causes of action in one action and in one complaint. (*Carter v. Superior Court*, 176 Cal. 752, 169 Pac. 667; *Kelsey v. Superior Court*, 40 Cal. App. 229, 180 Pac. 662; *O'Donnell v. Sixth Judicial District Court*, 40 Nev. 428, 165 Pac. 759; *Hayne v. Justice's Court*, 82 Cal. 284, 16 Am. St. 114, 23 Pac. 125; *Burke Land etc. Co. v. Wells, Fargo & Co.*, 7 Ida. 42, 60 Pac. 87.)

The writ is issued in aid of appellate jurisdiction. (32 Cyc. 623, note 51, and authority cited.)

Fred E. Butler and S. O. Tannahill, for Respondents.

This kind of sale is as conclusive between the parties as is any other judgment, and if the mortgagor permits the sale to take place without filing an action to contest it he is thereafter precluded from contesting the validity of the sale, the amount due and all defenses which he could have

raised prior to the sale. (*Bank of Forsyth v. Gammage,* 109 Ga. 220, 34 S. E. 307; Jones on Chattel Mortgages, 5th ed., sec. 784b.)

After a default in the conditions of a chattel mortgage the absolute right of possession is in the mortgagee. (*First Nat. Bank of St. Anthony v. Steers,* 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225.)

If the mortgagee was entitled to the possession of the property the mortgagor could not maintain conversion until he tendered the amount of the mortgage indebtedness. (*Potter v. Lohse,* 31 Mont. 91, 77 Pac. 419.)

LEE, J.—Prior to September 9, 1920, appellant was indebted to some of the respondents, and on that day signed a promissory note for $5,467.55, payable on demand to W. S. Huyette, trustee, for such indebtedness, and secured the same by a chattel mortgage. On September 22d thereafter, the trustee began a foreclosure of said mortgage, under the provisions of C. S., sec. 6380 et seq., and the sheriff sold all of the property covered by the mortgage on September 29th, making return which showed that after crediting the amount for which the property sold, there remained an unpaid balance in excess of $4,000 upon this note. On the day of the foreclosure sale, appellant commenced this action against said creditors, and joined the trustee. and also the sheriff who had conducted the sale.

It is not clear from the complaint what relief is sought in this action. Among other things, the complaint alleges that appellant and Minnie Gropp have been husband and wife for more than ten years, and were at the time residents of Nez Perce County, Idaho, engaged in farming; that respondents, except the trustee and sheriff, were his creditors; that said trustee and the sheriff were at the instance and upon the order and request of such creditors maintaining the proceedings to foreclose a pretended chattel mortgage; and then pleads *haec verba* the notice of sheriff's sale, "affidavit for mortgage foreclosure by notice and sale," and demand for the possession of the personal property de-

scribed in such affidavit. The complaint traverses most of the affirmative statements contained in the affidavit and notice of sale, and alleges that the action is to contest the right of the trustee to foreclose this mortgage, and also to recover damages from all of the respondents for such wrongful foreclosure and seizure of appellant's property described in the mortgage, and denies that he executed or delivered said note and mortgage, or any note or mortgage, or that there is any sum whatever due upon said mortgage indebtedness. From a subsequent paragraph of the complaint it appears that this denial is by way of confession and avoidance, and that appellant claims that he executed said note and mortgage conditionally, to take effect only when his wife had also executed such instruments, and further, that this note and mortgage were given to the trustee with the express agreement that they were not to be enforced according to their terms, but that appellant was to be permitted to operate the sawmill which was included in the mortgage, and to pay the indebtedness as he sold lumber and was otherwise able to pay the same out of his farm operations, but that respondents fraudulently failed to keep this part of the agreement. It is further alleged that said mortgage was filed for record, that all of the property therein described, except the lumber in the state of Washington, was community property and belonged to him and his wife, and that the other personal property, consisting of certain livestock, harness, wagons and other implements, was exempt from execution, and that the seizure and sale of the same was unlawful, and alleges its value to have been $11,705, and that it was unlawfully and wrongfully seized and converted by said sheriff for the use and benefit of respondents, that they maliciously and wilfully seized and took all of said property and destroyed appellants's sawmill business and damaged his credit and financial standing, that neither the notice of the sheriff's sale nor the affidavit of foreclosure states the amount due on said mortgage, and that such notice and affidavit are insufficient, and prayed for relief as follows:

"Wherefore, the plaintiff demands judgment against the defendants in the sum of twenty thousand dollars and for all his costs and disbursements also that said note and mortgage were never delivered, that fraud was practiced upon the plaintiff, and that the said foreclosure proceedings are null and void and for all relief to which plaintiff is entitled against the said defendants and against each of them."

The answer specifically denies most of the averments of the complaint.

The case was tried upon these pleadings and the court found that appellant was a resident of the state of Washington; that he had executed the note and mortgage in question; that such mortgage had been foreclosed by the sheriff; that such foreclosure proceedings were valid and regular; and denied appellant any affirmative relief and gave judgment against him for costs. From this judgment he appeals.

Ancillary to these proceedings, appellant, by a verified motion in the trial court, sought to enjoin respondents from prosecuting an independent action which they had commenced to recover a judgment on the deficiency remaining after the foreclosure proceedings, upon the ground that such action was to:

"Annoy, distress and harass plaintiff and to make him pay for the expenses of a distressing litigation and defend a multitude of actions and to pauperize him, so that he can neither prosecute the instant action nor defend the said action commenced as aforesaid, etc."

The trial court denied any injunctive relief.

Appellant then filed in this court and cause an instrument which he entitles "Original Motion in the Case on Appeal." This is a pleading in the form of an affidavit, wherein most of the matter contained in the complaint is reiterated and the further statement is made that since the commencement of this action certain of the respondents have commenced two other actions, and asks this court to issue a writ of prohibition against the judge of the court below, prohibiting him from proceeding further in the de-

ficiency actions, and also to restrain the trustee, for the reasons, *inter alia:*

"To prevent and stop a multiplicity of actions on the same and identical subject matter of litigation that is involved in the above-entitled action . . . . that if the hereinafter described subsequent actions are permitted to proceed to trial and judgment, this affiant, because of his financial inability to properly and efficiently defend them, will be denied justice and equity, and if this affiant was financially able to defend said actions and properly protect his rights, the said subsequent actions, involving the same subject matter as does the instant action, would, in all probability, result in conflicting judgments, and cause a tangle of judicial procedure that the courts could never untangle or set right, etc."

The record in this appeal consists of the complaint, answer, findings of fact, conclusions of law and judgment of the court below, which are the files that usually constitute the judgment-roll in an action of this kind, and also certain minute entries of orders made by the trial court, and a large number of disconnected files termed "affidavits," "notices" and "motions," including the one designated as "Original Motion in the Case on Appeal." No statement, bill of exceptions or stenographer's transcript is to be found in this record.

The first four assignments relate to alleged errors of the court in upholding the foreclosure proceedings, and the fifth to the court's refusal to abate by a restraining order the subsequent actions to recover a deficiency judgment.

Much of the matter alleged in the complaint, and everything set forth in the instrument entitled "Original Motion in the Case on Appeal" is irrelevant to any issue presented by this record on appeal. An inspection of the application to this court for a writ of prohibition discloses that it does not set up facts which would give this court jurisdiction to issue the writ prayed for. It is elementary that an appellate court may not in this summary manner, by a resort to the extraordinary remedy of prohibition, interfere

with inferior courts who are regularly exercising the judicial
power reposed in them, upon any of the grounds or for
any of the reasons alleged in this affidavit.  The power of
courts to hear and determine controversies properly before
them implies also the right to decide all questions growing
out of the same, either right or wrong, and appellate courts
are created for the purpose of reviewing such actions after
the trial court has heard and determined the controversy.
Appellate courts cannot anticipate that error will be com-
mitted, or that a trial court will exceed its jurisdiction,
and thereupon take jurisdiction before that court has heard
and determined a matter which it has jurisdiction to hear
and determine, and where it appears that the act sought to
be prohibited may speedily be reviewed in the supreme
court by appeal from the order of the inferior tribunal, or
if an appeal will not lie, then upon a writ of error or *cer-
tiorari,* the writ of prohibition will not issue.  (*Re Miller,*
4 Ida. 711, 43 Pac. 870; *Rust v. Stewart,* 7 Ida. 558, 64 Pac.
222; *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40; *Skeen v.
District Court,* 29 Ida. 331, 158 Pac. 1072.)

Passing to a consideration of the questions properly
presented by this record on appeal: Respondents move to
dismiss the appeal upon the grounds: (1) that the action
having been brought to contest the right of a mortgagee to
foreclose a chattel mortgage under C. S., sec. 6385, and it
appearing that a sale had been had before the complaint
was filed, the question sought to be raised in this action is
*res judicata;* (2) that the court is without jurisdiction to
hear the cause because of the insufficiency of the record;
(3) that the clerk's certificate is insufficient; (4) that there
is not sufficient record to enable the court to consider the
alleged errors, there being no stenographer's transcript, bill
of exceptions or judgment-roll.

This motion to dismiss should be denied.  While the com-
plaint is somewhat ambiguous and uncertain as to the relief
sought, it alleges sufficient facts relative to the foreclosure
proceedings, if such allegations were sustained by the evi-
dence, to constitute a cause of action.  Nor do we think that

a party challenging the validity of the proceedings to foreclose a chattel mortgage must in all cases bring his action for relief prior to the sale. If it can be shown that the foreclosure proceedings were void, the sale would be a nullity, and the taking of the property would in effect be a conversion.

An appeal should not be dismissed because of the failure of the clerk to certify that the judgment-roll is before this court, if the record shows that the files which ordinarily constitute the judgment-roll are before the court, and such record is sufficient to present any question sought to be reviewed. Furthermore, in case at bar, there is a showing that the complaint, answer, various motions, findings, conclusions and judgment of the court below are before us, and if these are sufficient to present any question upon which appellant relies, his appeal should not be dismissed.

It is true that most of the errors assigned by appellant are such as cannot be considered by reason of the state of the record. This court frequently held, under the old appellate procedure, that where there is no statement or bill of exceptions, and since 1911, under the new procedure, where there is no stenographer's transcript, which takes the place of a bill of exceptions when properly settled, the record will only be examined for fundamental error, and if in any view of the pleadings the judgment below can be upheld, it will be affirmed by this court. (*Hyde v. Harkness,* 1 Ida. 638; *Williams v. Boise Basin Mining etc. Co.,* 11 Ida. 233, 81 Pac. 646; *Stoddard v. Fox,* 15 Ida. 704, 99 Pac. 122; *Wells v. Culp,* 30 Ida. 438, 166 Pac. 218; *Bergh v. Pennington,* 33 Ida. 726, 198 Pac. 158.)

Appellant's cause of action, as appears from the complaint and prayer for relief, the material averments of which were denied by the answer, is for a money judgment, for loss occasioned him by reason of the wrongful seizure and sale of his property under the foreclosure proceedings, and further, that such foreclosure proceedings were void. This is in the nature of a collateral attack, and in the absence of any proof in support of these averments, and where the

record fails to show that such foreclosure proceedings were void, the judgment of the court below should be affirmed, and it is so ordered, with costs to respondents.

McCarthy and Dunn, JJ., concur.