(February 15, 1896.)

IN RE J. MILLER.

[43 Pac. 870.]

JURISDICTION—CUSTODY OF INFANT CHILDREN.—By the Revised Statutes of Idaho, sections 2473, 2483, 2534, jurisdiction of the care and custody of infant children is committed to the district courts and the judges thereof.

JURISDICTION OF DISTRICT JUDGE AT CHAMBERS.—Under sections 2534 and 3925, a temporary order providing for the care and custody of an infant child may be issued by the judge of the district court at chambers.

PROHIBITION RESTRAINING DISTRICT COURT OR JUDGE.—A writ of prohibition to prevent proceedings before a district court or the judge thereof will not be issued in any case, unless it is so clear that such court or judge is acting outside of or beyond its jurisdiction that there is no reasonable doubt of the fact.

(Syllabus by the court.)

Original proceeding applying for writ of prohibition.

Application for writ of prohibition.

No brief filed in the matter.

MORGAN, C. J.—In the matter of the application of John Miller, sheriff of Lemhi county, for a writ of prohibition restraining the Honorable D. W. Standrod from proceeding further in contempt proceedings. The court has had this matter under consideration, and has given it such attention as we were able to do under the circumstances. Upon examination of the provisions with reference to the writ of *habeas corpus,* we find the following sections, in addition to the other general

sections. Section 8364 of the Revised Statutes of Idaho is as follows: "When it appears to any court or judge authorized by law to issue the writ of *habeas corpus*, that anyone is illegally held in custody, confinement or restraint, and that there is reason to believe that such person will be carried out of the jurisdiction of the court or judge before whom the application is made, or will suffer some irreparable injury before compliance with the writ of *habeas corpus* can be enforced, such court or judge may cause a warrant to be issued, reciting the facts and directed to the sheriff, coroner or constable of the county commanding such officer to take such person thus held in custody, confinement or restraint, and forthwith bring him before such court or judge to be dealt with according to law." Then we have section 8370, which is as follows: "All writs, warrants, process, and subpœnas authorized by the provisions of this chapter must be issued by the clerk of the court, and, except subpœnas, must be sealed with the seal of such court, and served and returned forthwith, unless the court or judge shall specify a particular time for any such return." It appears that, under the general provisions for the issuing of the writ of *habeas corpus*, Mrs. Della Dowling made application to the judge of the district court for the issuance of this writ to procure the custody of her child about two years old. In her petition she alleges that this child was taken by force and threats from her, by her husband; that before this time they had separated, and were living apart. The petition states that she was obliged to leave her husband on account of cruel treatment; that the child is only two years of age, and in delicate health; that it was taken from its mother's house, across the river from Salmon City, to what is known as "Brooklyn," and there kept in a cabin with James Dowling, the father of the child, and William Neal, and that the said Neal was a saloon keeper; and that both were unfitted to have the care of such a child. These two men are taking care of this child. It is further represented that she is subject to fits of croup. Under these conditions a writ of *habeas corpus* was applied for. If a writ of *habeas corpus* or a warrant was issued under section 8364, it would necessitate the bringing of this child before the district judge, at Poca-

tello, Idaho, which would be dangerous to the health of the
child.   It is stated in the petition that Salmon City is about
sixty or seventy-five miles from a railroad station; that between
the two places is the main range of the Rocky Mountains, which
must be passed over in this inclement season of the year (Jan-
uary) ; and that the child, as stated, is in delicate health. ˙ The
judge, therefore, thinking that it is impracticable to have it
brought before him, issues what is known in law as the "order
*nisi,"* ordering this child to be transferred back to its mother,
and to remain in her custody until the application for the writ
of *habeas corpus* can be heard.   The hearing was set for the
21st of January.

The authority of the judge of the district court for the issu-
ance of this order is found in section 3925 of the Revised Stat-
utes of Idaho, which is as follows: "When jurisdiction is, by
this code or by any other statute, conferred on a court or ju-
dicial officer, all the means necessary to carry it into effect are
also given; and in the exercise of the jurisdiction, if the course
of proceedings be not specially pointed out by this code, or by
this statute, any suitable process or mode of proceeding may be
adopted which may appear most conformable to the spirit of
this code."   The care and custody of infant children is by
statute given to the judges of the district court.   (Rev. Stats.,
secs. 2473, 2483, 2534.)   It will be noticed that section 3925
is very broad, indeed.   It was intended to give the court power
to issue any order that might seem necessary, under the particu-
lar circumstances of the case.   It is objected on the part of the
applicant, in this case, that section 8370 requires that all writs,
warrants, process, and subpœnas authorized by the provisions
of this chapter must be issued by the clerk of the court, etc.
This order is issued under the provisions of section 3925, which
seems to authorize the order without the seal of the court.   It
also appears that section 8361 would authorize the issuance of
said order.   If a warranty or writ of *habeas corpus* had been
issued under authority of section 8364, it would require that
the child be brought before the judge of the district court.   Un-
der all the circumstances, the court thinks that the judge of the
district court is authorized to issue the order that the child be

taken to its mother until an application of *habeas corpus* can be heard, which is set for the 21st of January. The court thinks that it is not proper for a sheriff or private parties to take upon themselves the responsibility of disobeying the order of the district court, with or without the aid of counsel. We think it better that the sheriff and private persons should obey all orders of the courts and the judges thereof. Such orders should be obeyed so far as practicable, and so far as possible under the circumstances, until the matter can be properly brought to the hearing of the higher court. Any other practice would render the law and the courts powerless, and result in confusion and anarchy, and cannot be permitted. I wish to say further, also, that this court will hesitate to issue a writ of prohibition to prevent further proceedings before the district court in any case, unless it is so clear that it is acting outside of its jurisdiction that there is no reasonable doubt of the fact. We must refuse this writ, and, if further proceedings should seem necessary, this court will take cognizance of the matter, after the hearing before the district judge, by means of writ of review. The writ of prohibition is denied. In *Re Rafferty*, 1 Wash. 382, 25 Pac. 465, an order *nisi* was issued by one of the justices of the supreme court, upon an application for writ of *habeas corpus,* similar to the one in case at bar; and in that case the court, in discussing this question, held that it was proper, under the circumstances, to issue such order. The discussion of the supreme court of Washington in the above case is instructive in this regard.

Sullivan and Huston, JJ., concur.