471 P.2d 594

D. F. ENGELKING, Plaintiff,

v.

The INVESTMENT BOARD of the State of Idaho, John D. Silva, John Brandt, T. D. Jones, Steve M. Meikle, Joe N. Wagner, and H. Dean Summers, Defendants.

No. 10444.

Supreme Court of Idaho.

June 24, 1970.

Roberts & Poole, Boise, for plaintiff.

Robert M. Robson, Atty. Gen., Richard Greener, Asst. Atty. Gen., Boise, for defendants.

Thomas G. Nelson, Parry, Robertson, Daly & Larson, Twin Falls, amicus curiae.

Randall Wallis, Wallis & Churchill, Boise, amici curiae.

PER CURIAM.

The plaintiff has moved for an order to show cause why the defendants should not be held in contempt of court for violation of the permanent writ of mandate and prohibition issued September 4, 1969 in this original proceeding. The defendants filed their answer to the motion for the order to show cause, in which answer the individually named defendants, members or ex-officio members of the Endowment Fund Investment Board of the State of Idaho assert they are not in violation of the permanent writ of mandate referred to.

The issue presented by these proceedings involves whether it is within the authority of the defendants to purchase A-rated convertible bonds so long as the right of conversion is not exercised. The answer admits that such bonds have been purchased, and also that there has been enacted into law an amendment to I.C. § 57–722, being S.L. 1970, Ch. 68 (Senate Bill 1484) which authorizes the purchase of such convertible bonds so long as the right of conversion is not exercised.

■ In the original opinion in this proceeding, 93 Idaho 217, 458 P.2d 213 (1969), this court stated "Convertible bonds may be purchased, but the conversion privilege may not be exercised." This statement was reiterated in the addenda to the opinion on rehearing. This court, in the original opinion, in discussing the meaning of the word "loan" as used in Idaho Const. art. 9, § 11, and as extended in scope by the 1968 amendment, stated that such loan " * * * must carry the meaning that there must be a guarantee of full repayment of principal as well as interest. There must be an unconditional promise to repay the principal sum originally lent." 93 Idaho 217, 458 P.2d 213, 219 (1969). Nothing appears from the motion for order to show cause to indicate that the defendants are in violation of the permanent writ of mandate and prohibition by purchase of these bonds.

■ It is the conclusion of this court that purchase of corporate bonds in accordance with the provisions of I.C. § 57–722, held constitutional in the original opinion in this action, is not unconstitutional whether such bonds be convertible or not, provided that the right of conversion is not exercised. Defendants point to the provisions of S.L.1970, Ch. 68 (Senate Bill 1484); however, this court did not consider the effect or validity of such legislation (S.L.1970, Ch. 68) nor have we based this denial thereon.

Justices SHEPARD and SPEAR deemed themselves disqualified and did not participate.

Judges LODGE and WARD participated.