DAVID STEED AND ASSOCIATES, INC., An Idaho Corporation, and David C. Steed, Claren P. Holm and Delray Holm, Petitioners,

v.

Honorable Grant L. YOUNG, District Judge, Seventh Judicial District of the State of Idaho, in and for the County of Bonneville, Respondent,

and

The Idaho First National Bank, Respondent–Real Party in Interest.

No. 17252.

Supreme Court of Idaho.

Sept. 6, 1988.

Stephen G. Larsen, Pocatello, for petitioners.

Holland & Hart, Langroise, Sullivan, Boise, for respondent—real party in interest. John C. Ward (argued).

No appearance by respondent Grant L. Young.

HUNTLEY, Justice.

David Steed, et al., petition this Court by mandamus to require the district judge, to vacate his order denying Steed a jury trial on the legal causes of action asserted in their compulsory counterclaim. We grant the writ.

Idaho First National Bank instituted a mortgage foreclosure action against Steed to recover amounts due on his allegedly defaulted loans. Steed filed a separate action against the Bank alleging various causes of action grounded both in law and equity, including causes of action for breach of contract, fraud, constructive fraud and conspiracy, negligence, intentional infliction of emotional distress, constructive trust and a claim for injunctive relief against unfair competition. Steed made a proper and timely request for a jury trial on the legal causes apart from the equitable causes to be tried by the court. The court ordered that the two cases be consolidated, and Steed's complaint was properly denominated a compulsory counterclaim pursuant to I.R.C.P. 13(a) because it arose from the same transaction as the Bank's complaint.

The Bank filed a motion to strike Steed's demand for a jury trial on the ground that this is primarily a foreclosure action in equity, the counterclaim was based upon issues necessarily determined in the foreclosure action, and Steed's counterclaim *also asked for equitable relief. The district court granted the motion and struck the demand for jury trial.*

I.

The determination of the issue presented on appeal should be made in the context of the history and purposes of the right to trial by jury. Our forefathers wisely provided in Article 1, Section 7 of the Idaho Constitution: "The right to trial by jury shall remain inviolate ..." They so provided because they recognized that the jury system is the single most important guardian of the people's right to be protected from oppressive and overreaching government.

Few Americans realize that the right to jury trial in civil cases has almost been lost in England. English judges, with the acquiescence of a compliant bar, have totally eliminated the right to trial by jury in civil cases except in cases of libel or slander. The English themselves seem to have forgotten the words of their eminent jurist, Blackstone, who wrote that trial by jury is:

> ... the glory of the English law ... [i]t is the most transcendent privilege which any subject can enjoy, or wish for, that he cannot be affected in his property, his liberty, or his person but by the unanimous consent of twelve of his neighbors and equals.

Blackstone Commentaries 79.

Some American judges and legislators have similarly lost touch with the following language in our Declaration of Independence:

> [George III] has combined with others to subject us to a jurisdiction foreign to our Constitution, and unacknowledged by our laws; giving his assent to their acts of pretended legislation: ... For depriving us, in many cases, of the benefits of trial by jury ...

The French philosopher and essayist, De Toqueville, who understood and appreciated democracy in America with keener insight than any other observer of the Nineteenth Century, stated that the jury system in America:

> ... places the real direction of society in the hands of the governed ... and not in ... the government ... He who punishes

the criminal ... is the real master of society. All the sovereigns who have chosen to govern by their own authority, and to direct society, instead of obeying its direction, have destroyed or enfeebled the institution of the jury.

Those who believe in strict construction of our Constitution recognize that the judiciary's oath to "support and defend the Constitution" requires that we resist the temptation to enhance judicial power through encroachment into the provinces constitutionally delegated to the jury.

## II.

Our forefathers' wise constitutional mandate is reflected today in I.R.C.P. 38(a):

**Jury trial of right—Right preserved.—** The right of *trial by jury as declared by the Constitution* or as given by a statute of the state of Idaho *shall be preserved to the parties inviolate* except in the small claims department. (Emphasis added).

Constitutional provisions should be construed so as to give them practical effect according to the intention of the framers. *See Fletcher v. Gifford,* 20 Idaho 18, 115 P. 824 (1911); *Grice v. Clearwater Timber Co.,* 20 Idaho 70, 117 P. 112 (1911); *Engelking v. Investment Bd.,* 93 Idaho 217, 458 P.2d 213 (1969) (motion denied, 93 Idaho 739, 471 P.2d 594 (1969)).

Rule 13(a) states Idaho's law for compulsory counterclaims:

**Compulsory counterclaims.—**A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.... (Emphasis added).

This rule is identical to Federal Rule 13(a) and is mandatory in its directive. Although we are not bound by the federal rule, inasmuch as the Idaho rule is based upon a federal rule of the same nature, the federal court's interpretation of the rule is persuasive. *Folkner v. Collins,* 249 Iowa 1141, 91 N.W.2d 545 (1958).

The leading case with respect to Federal Rule 13(a) is *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). That case is identical to the case at bar in that Beacon Theatres, Inc. also sought by mandamus to require a district court to vacate an order striking its demand for a jury trial upon legal issues found in its compulsory counterclaim. Therein the Supreme Court stated:

The holding in *Beacon Theatres* was that where both legal and equitable issues are presented in a single case, "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims. [*Beacon Theatres, Inc.,* 359 U.S. at 510–511, 79 S.Ct. at 957.] That holding, of course, applies whether the trial judge chooses to characterize the legal issues presented as "incidental" to equitable issues or not. [Footnote omitted.] Consequently, in a case such as this where there cannot even be a contention of such "imperative circumstances," *Beacon Theatres* requires that any legal issues for which a trial by jury is timely and properly demanded be submitted to a jury.

*Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962), quoting *Beacon Theatres, Inc. See also Evans Financial Corp. v. Strasser,* 99 N.M. 788, 664 P.2d 986 (1983); *Sanguinetti v. Strecker,* 94 Nev. 200, 577 P.2d 404 (1978); *Hightower v. Bigoney,* 156 So.2d 501, 17 A.L.R.3d 1308 (Fla.1963).

While stressing the right to a jury trial on legal issues, the Court explained in *Beacon Theatres, Inc.:*

The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. At least as much is required to justify a trial court in using its discretion under the Federal Rules to allow claims of equitable origins to be tried ahead of legal ones, since *this has the same effect as*

*an equitable injunction of the legal claims.* And it is immaterial, in judging if that discretion is properly employed, that before the Federal Rules and the Declaratory Judgment Act were passed, courts of equity, exercising a jurisdiction separate from courts of law, were, in some cases, allowed to enjoin subsequent legal actions between the same parties involving the same controversy. This was because the subsequent legal action, though providing an opportunity to try the case to a jury, might not protect the right of the equity plaintiff to a fair and orderly adjudication of the controversy. See, e.g., *New York Life Ins. Co. v. Seymour*, 6 Cir., 45 F.2d 47, 73 A.L.R. 1523. (Emphasis added).

*Id.* 359 U.S. at 506–507, 79 S.Ct. at 954–955. If there should be cases where the availability of declaratory judgment or joinder in one suit of legal and equitable causes would not in all respects protect the plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the legal cause, the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first. Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, that discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial. As this Court said in *Scott v. Neely*, 140 U.S. 106, 109–110, 11 S.Ct. 712, 714, 35 L.Ed. 358: "In the Federal courts this [jury] right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency." This long-standing principle of equity dictates that *only under the most imperative circumstances*, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims. See *Leimer v. Woods*, 8 Cir., 196 F.2d 828, 833–836. As we have shown, this is far from being such a case. (Footnotes omitted, emphasis added).

*Id.* at 510–511, 79 S.Ct. 956–957.

█ We abide in the authority and the clear analysis of the Court in *Beacon Theatres, Inc.* Thus, it is irrelevant whether the legal issues are "incidental" to the equitable claims, since the right to a jury trial is specifically guaranteed under both Idaho Constitution art. 1 § 7 and I.R.C.P. 38(a).[1] Further, in the instant case, the Bank has only claimed that the case beginning in equity must lie in equity, since the legal issues are "incidental" to the equitable, and both legal and equitable issues are "inextricably intertwined." The Bank has made no showing of "imperative circumstances" in its case which would deprive it of equitable relief if the legal issues were tried to a jury. We can thus find no reason to deny Petitioner Steed his most precious constitutional right to trial by jury.

█ In the final analysis, the most persuasive argument is that Rule 13(a) would be unconstitutional "if it compelled a party either to waive his right to a jury by pleading the counterclaim or waive the claim by not pleading it...." *Hightower*, 156 So.2d at 508, 17 A.L.R.3d at 1318, *quoting* Barron & Holtzoff, Federal Practice and Procedure, § 405. Since the right to a trial by jury is "inviolate" under the Constitution of the State of Idaho, a party to an equity action has a right to a jury trial on the legal causes of action raised pursuant to his compulsory counterclaim, *unless* there is a clear showing of "imperative circumstances" which would cause the equity

---

1. Idaho Rule 42(b) also provides the statutory method for separating trials when there is a risk of prejudice to a party:

    **Separate trials.**—The court, in furtherance of convenience or *to avoid prejudice,* or when separate trials will be conducive to expedition and economy, *may order a separate trial of any claim,* cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, *counterclaims,* third-party claims, or issues, *always preserving inviolate the right of trial by jury as declared by the Constitutions, statutes or rules of the court.* (Emphasis added).

claimant "irreparable harm while affording a jury trial in the legal cause." *Beacon Theatres, Inc., supra.*[2]

### III.

The Bank also claims that a writ of mandate was an improper vehicle to bring this case before the Court, since mandamus is inappropriate when judicial discretion is involved and should only be used when the party seeking the writ has a "clear legal right" to have the petitioned act performed. *Felton v. Prather,* 95 Idaho 280, 506 P.2d 1353 (1973). In those instances in which a party is entitled to a trial by jury, no discretion lies in the court to deny a "clear legal right" required both by the Idaho Constitution and the Idaho Rules of Civil Procedure.

The alternative writ is made permanent insofar as it requires the district judge to vacate his order striking the demand for jury trial, and the case is remanded for further proceedings consistent herewith. Costs to Petitioners, no attorney fees awarded.

BISTLINE, J., concurs.

JOHNSON, Justice, specially concurring:

I concur in the result reached in the opinion of Justice Huntley. This special concurrence is for the purpose of demonstrating that a correct reading of prior Idaho cases harmonizes them with the granting of a jury trial on the legal claims of Steed. I also wish to clarify how I believe this case should proceed procedurally after remand.

### IDAHO CASES SUPPORT JURY TRIAL FOR COMPULSORY LEGAL COUNTERCLAIM TO FORECLOSURE ACTION

Art. 1, § 7 of the Idaho constitution was interpreted early in the history of this state to guarantee a jury trial to a mortgagor asserting a compulsory legal claim against a mortgagee who then brought a foreclosure action. In *Stevens v. Home Savings and Loan Assn.,* 5 Idaho 741, 51 P. 779 (1898), this Court ruled that mortgagors were entitled to a jury trial on the issues of fact raised in their suit to recover a statutory penalty against the mortgagee, even though the mortgagee had sued to foreclose the mortgage. Mortgagors had brought their action first, and the mortgagee had followed with a foreclosure action. As in the present case, the two cases were consolidated for trial. This Court held that the foreclosure suit was a compulsory counterclaim to the suit of mortgagors. In my opinion the ruling guaranteeing mortgagors a jury trial is directly applicable to this case. I am unable to accept a rule that would defeat the right to a jury trial on a mortgagor's legal claims because the mortgagee reached the courthouse first.

The code of civil procedure adopted by the Idaho territorial legislature in 1881 contained the following provisions:

Sec. 237. The answer of the defendant shall contain:

. . . .

2. A statement of any new matter constituting a defense or counter claim.

. . .

Sec. 238. The counter claim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action:

1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action;

*Dover Lumber v. Case,* 31 Idaho 277, 170 P. 108 (1918); *Johnson v. Niichels,* 48 Idaho 654, 284 P. 840 (1930); *Fogelstrom v. Murphy,* 70 Idaho 488, 222 P.2d 1080 (1950); and *Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951). To the extent the latter four cases are inconsistent herewith they are overruled.

**2.** This court in its earliest cases ruled that a party in an equity action is entitled to a jury trial on legal counterclaims or cross-claims. *Robertson v. Moore,* 10 Idaho 115, 77 P. 18 (1904); *Sandstrom v. Smith,* 12 Idaho 446, 86 P. 416 (1906); and *Penninger Lateral Co. v. Clark,* 22 Idaho 397, 126 P. 524 (1912). Those cases were overruled and the contrary rule asserted in

. . . .

Sec. 239. If the defendant omit to set up a counter claim in the cases mentioned in the first subdivision of the last section, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor.

C.C.P.1881, §§ 237, 238, and 239.

These provisions became part of the laws of this state at the time of statehood and continued to be part of our code until 1975, when they were repealed because they were in conflict with the Idaho Rules of Civil Procedure. R.S., R.C., & C.L. §§ 4183, 4184, and 4185; C.S., §§ 6694, 6695, and 6696; I.C. §§ 5–612, 5–613, and 5–614; 1975 Idaho Sess.Laws, ch. 242, § 1. Compulsory counterclaims are now governed by I.R.C.P. 13(a).

This Court stated shortly after *Stevens,* that art. 1, § 7 of our constitution simply secures the right to jury trial "as it existed at the date of the adoption of the constitution." *Christensen v. Hollingsworth,* 6 Idaho 87, 93, 53 P. 211, 212 (1898). This has continued to be the rule applied by this Court down to the present. *Rudd v. Rudd,* 105 Idaho 112, 666 P.2d 639 (1983). It is clear to me that at the time our constitution was adopted, a mortgagor asserting a compulsory counterclaim based on a claim at law was entitled to a jury trial on the issues of fact raised in the counterclaim. The ruling in *Stevens* is clear evidence of this.

Cases decided shortly following *Stevens* echoed this basic principle. In *Robertson v. Moore,* 10 Idaho 115, 124, 77 P. 218, 221 (1904) this Court stated that a mortgagor who asserted a counterclaim for damages in a suit for foreclosure would have been entitled to a jury trial on the counterclaim if a timely demand for a trial by jury had been made. This was *dicta* but a clearly correct statement of the law. The counterclaim in *Robertson* was a compulsory counterclaim under the statutes that existed at that time. Likewise, in *Sandstrom v. Smith,* 12 Idaho 446, 449, 86 P. 416, 416 (1906) this Court stated in passing that the parties had a right to have a jury trial on a "cross-action" for damages brought against the plaintiff in a lien foreclosure suit.

Later cases decided by this Court on this issue have failed to distinguish compulsory counterclaims from permissive counterclaims. *Dover Lumber Co. v. Case,* 31 Idaho 276, 170 P. 108 (1918) purported to overrule *Robertson* and *Sandstrom.* The counterclaim in *Dover* was clearly permissive under the statutes then in force. The counterclaim asked for "damages by reason of [mortgagee's] breach of an alleged agreement modifying the original contract." 31 Idaho at 281, 170 P. at 109. The statutes provided that a counterclaim "arising upon contract and existing at the commencement of the action" was not compulsory. R.S., R.C., & C.L. §§ 4184 and 4185. Similarly, in the three other cases that are cited for the proposition that Steed is not entitled to a jury trial on the legal claims contained in his action, permissive and not compulsory counterclaims were involved. *Johnson v. Niichels,* 48 Idaho 654, 284 P. 840 (1930), (counterclaim for breach of lease); *Fogelstrom v. Murphy,* 70 Idaho 488, 222 P.2d 1080 (1950), (cross-complaint for wrongful appointment of receiver); and *Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951), (cross-complaint for refusal to endorse checks for crops grown on the land that was the subject of the equitable action).

The trial court ruled that Steed's claims were compulsory counterclaims. Therefore, Steed is entitled to a jury trial on any legal issues raised by Steed in his counterclaims.

### JURY TRIAL SHOULD PRECEDE JUDGMENT IN FORECLOSURE ACTION

On remand the trial court may be concerned about how to proceed on the issues that are to be tried to a jury in relation to the issues to be tried to the court. The Iowa Supreme Court has wrestled with this question and has concluded that the trial court should defer entry of judgment in the foreclosure proceedings until after determination of the counterclaim. *Hedinger v. Herweh,* 239 Iowa 1146, 34 N.W.2d 202, 203

(1948); *Folkner v. Collins,* 249 Iowa 1141, 91 N.W.2d 545, 547 (1958). A similar procedure should be followed here.

BAKES, Justice, dissenting:

I dissent for the following reasons: (1) the issuance of this particular writ is premature because the trial court, contrary to the majority's statement, has not finally determined whether the petitioners will receive a jury trial on the issues raised in their counterclaim; (2) even if the trial court had denied the petitioners a jury trial on the issues raised in their counterclaim, such action would not be erroneous under the long established and consistent precedent of this Court, dating from the inception of the Idaho Constitution; (3) even if the trial court had entered an erroneous order, the petitioners have an adequate remedy at law by way of appeal; therefore this extraordinary writ of mandamus should not have issued. For these reasons, I dissent.

I

The issuance of a writ of mandate to the trial court in this case is premature. Contrary to the statement in the majority opinion, Judge Young has not yet denied the petitioners a jury trial on the issues raised in their counterclaim. Admittedly, in his order dated July 30, 1987, he acknowledged the longstanding rule, established in innumerable decisions of this Court, that once equity obtains jurisdiction of a dispute the court will proceed in equity to a settlement of all aspects of the dispute between the parties. Nevertheless, due to petitioners' urging, Judge Young, in the final sentence of his order, stated:

"IT IS FURTHER ORDERED that the court will reserve judgment to determine whether any legal issues remain after the court trial of the foreclosure action that will require a jury trial."

The district court never proceeded further with the case because this Court issued its alternative writ. Thus, we do not yet know whether the trial court would have granted petitioners a jury trial on the issues raised in their counterclaim.

Starting with our earliest cases it has been recognized (1) that this Court will not anticipate that a trial court will commit error or exceed its jurisdiction and (2) that a writ will not issue to correct anticipated errors. *In re Miller,* 4 Idaho 711, 43 P. 870 (1896); *Rust v. Stewart,* 7 Idaho 558, 64 P. 222 (1901); *Olden v. Paxton,* 27 Idaho 597, 150 P. 40 (1915); *Skeen v. District Court,* 29 Idaho 331, 158 P. 1072 (1916); *Gropp v. Huyette,* 35 Idaho 683, 208 P. 848 (1922). Accordingly, there is no basis for the issuance of the writ of mandamus in this case. The petition should be dismissed for that reason alone.

II

Even assuming that the district judge had entered a final order holding that the petitioners were not entitled to a jury trial on the legal issues raised in their counterclaim, there would still be no grounds for issuance of the writ in this case. In entering such an order the judge would only have been following a long line of Idaho precedent, which it was his duty to follow. Numerous prior decisions of this Court have clearly held that a foreclosure action is an equitable action and that, "[E]quity having obtained jurisdiction of the subject matter of a dispute, will retain it for the settlement of all controversies between the parties with respect thereto...." *Boesiger v. Freer,* 85 Idaho 551, 563, 381 P.2d 802, 809 (1963). *Accord Carpenter v. Double R Cattle Co., Inc.,* 108 Idaho 602, 701 P.2d 222 (1985); *Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951); *Fogelstrom v. Murphy,* 70 Idaho 488, 222 P.2d 1080 (1950); *Dover Lumber Co. v. Case,* 31 Idaho 276, 284, 170 P. 108, 110 (1918) ("The fact that defendant sets up a legal defense to an equitable cause of action does not change the character of the proceedings or entitle him to demand a jury trial...."); *Rees v. Gorham,* 30 Idaho 207, 164 P. 88 (1917). Since Judge Young is bound to follow the decisions of this Court, it can hardly be argued that he either exceeded his jurisdiction or ruled erroneously when he simply followed our precedent.

The issuance of a writ is not a matter of right. It is used only to compel a lesser tribunal to perform a clear legal duty, i.e., a ministerial duty which does not involve the exercise of discretion. *Dalton v. Idaho Dairy Products Comm'n*, 107 Idaho 6, 684 P.2d 983 (1984); *Fitzpatrick v. Welch*, 96 Idaho 280, 527 P.2d 313 (1974); *Felton v. Prather*, 95 Idaho 280, 506 P.2d 1353 (1973). Here, under the existing precedents of this Court, the district judge did not have a clear legal duty to grant petitioners a jury trial on their counterclaim in the foreclosure action. To the contrary, under our prior decisions, the entire proceeding was to be tried by the court as an equity suit, not as a legal action. It can hardly be argued that Judge Young had a ministerial duty to rule contrary to the precedents laid down by this Court.

### III

In *Kolp v. Board of Trustees of Butte County Joint School Dist. No. 111*, 102 Idaho 320, 326, 629 P.2d 1153, 1159 (1981), this Court stated that "substantive issues [of law] generally are not appropriate areas of consideration in a mandamus proceeding and are to be considered *only if other adequate legal remedy is unavailable.*" (Emphasis added.) This latter statement is based on I.C. § 7–303 which limits the writ to "cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." The right of appeal is regarded as a plain, speedy and adequate remedy at law. *Clearwater Timber Protective Ass'n v. Dist. Court*, 84 Idaho 129, 369 P.2d 571 (1962); *Smith v. Young*, 71 Idaho 31, 225 P.2d 466 (1950). Where an order is appealable, mandamus will not lie. *Aker v. Aker*, 51 Idaho 555, 8 P.2d 777 (1932). "Mandamus will not be permitted to supplant the function of an appeal or a writ of review." *Felton v. Prather*, 95 Idaho 280, 282, 506 P.2d 1353, 1355 (1973). Where appeal to this Court is available, the writ of mandate is not available. *St. Michaels Monastery v. Steele*, 30 Idaho 609, 167 P. 349 (1917).

The law in this regard is well summarized in *Gropp v. Huyette*, 35 Idaho 683, 688–689, 208 P. 848, 850 (1922):

"It is elementary that an appellate court may not in this summary manner, by a resort to the extraordinary remedy of prohibition, interfere with inferior courts who are regularly exercising the judicial power reposed in them, .... *The power of courts to hear and determine controversies properly before them implies also the right to decide all questions growing out of the same, either right or wrong, and appellate courts are created for the purpose of reviewing such actions after the trial court has heard and determined the controversy. Appellate courts cannot anticipate that error will be committed, or that a trial court will exceed its jurisdiction, and thereupon take jurisdiction before that court has heard and determined a matter which it has jurisdiction to hear and determine*, and where it appears that the act sought to be prohibited may speedily be reviewed in the supreme court by appeal from the order of the inferior tribunal, or if an appeal will not lie, then upon a writ of error or *certiorari*, the writ of prohibition will not issue." (Emphasis added.)

In the instant case, both the order at issue and any other actions taken would be appealable once there was a final judgment. In following Idaho precedent Judge Young did not exceed his jurisdiction, abuse his discretion, or commit any error. But even if he had erred, an adequate remedy at law in the form of a right to appeal was available. Accordingly, the writ was improvidently issued.

### IV

The majority opinion does not challenge the unwavering line of decisions of this Court, rendered since the Idaho Constitution was adopted, in which this Court repeatedly held that "Article 1, section 7 of the Idaho constitution, guaranteeing the right to trial by jury, does not refer to equitable actions." *Morton v. Morton Realty Co.*, 41 Idaho 729, 735, 241 P. 1014,

1015 (1925). "[T]he rule is too well settled to require the citation of authorities, that a mortgage foreclosure is an equitable proceeding, in which neither party is entitled to a jury trial." *Rees v. Gorham,* 30 Idaho 207, 212, 164 P. 88, 89 (1917).[1]

In an equally long line of cases, this Court has held that once equity has obtained jurisdiction of a dispute, equity will proceed, without a jury, to settle all controversies between the parties with respect to the initial dispute. As early as 1898, in *Christensen v. Hollingsworth,* 6 Idaho 87, 93, 53 P. 211, 212 (1898), this Court stated that "[t]he guaranty that 'the right to trial by jury shall remain inviolate' has no reference to equitable cases." Shortly thereafter in 1900, in *Burke Land & Livestock Co. v. Wells, Fargo & Co.,* 7 Idaho 42, 56, 60 P. 87, 91 (1900), this Court stated:

"A court of equity, having obtained jurisdiction of a cause for any purpose, may retain it for all purposes, and proceed to a determination of all of the matters in issue."

Then, after quoting the above language from the *Burke* case, the Court in *Johnson v. Niichels,* 48 Idaho 654, 659, 284 P. 840, 842 (1930), added the following:

"We conclude, therefore, that appellants' contention in this respect is without merit, and that this was primarily an equity action and appellants were not entitled to a jury trial upon counterclaims of a legal nature."

Specifically, in the context of a proceeding in equity to foreclose a mortgage, this Court in *Dover Lumber Co. v. Case,* 31 Idaho 276, 170 P. 108 (1918), stated:

"The next question presented is whether the court erred in denying a trial by jury of Case's counterclaim [for damages for breach of contract]. It is said in 24 Cyc., pp. 126, 127: 'The fact that defendant sets up a legal defense to an equitable cause of action does not change the character of the proceedings or entitle him to demand a jury trial. ... *In the absence of a statute a defendant who pleads a counterclaim in an equitable action is not entitled to a jury trial of the issues arising thereon,* notwithstanding the cross-demand constitutes an independent cause of action upon which a separate action might have been brought and a jury trial demanded.'" 31 Idaho at 284, 170 P. at 110 (emphasis added).

The rule announced in the *Christensen, Burke,* and *Dover Lumber Co.* cases has been followed consistently by this Court since the first decision on that issue in 1898.[2] *Johnson v. Niichels,* 48 Idaho 654, 284 P. 840 (1930); *Fogelstrom v. Murphy,* 70 Idaho 488, 222 P.2d 1080 (1950);

[1] In addition to the above quoted cases, the rule has been followed in the following cases: *Brady v. Yost,* 6 Idaho 273, 283, 55 P. 542, 545 (1898) ("In equitable actions in this state neither party is entitled to a jury as a matter of right."); *Shields v. Johnson,* 10 Idaho 476, 79 P. 391 (1904); *Johnson v. Niichels,* 48 Idaho 654, 659–661, 284 P. 840, 842 (1930) ("It is the settled rule of this court that a defendant who pleads a counterclaim in an equitable action is not entitled, as a matter of right, to a jury trial of the issues arising thereon. ... [I]t will not now be said by this court that the right to trial by jury is guaranteed in equity cases as well as law, but that defendant in an equity case is not entitled to a jury trial as a matter of right."); *Tomita v. Johnson,* 49 Idaho 643, 290 P. 395 (1930); *Fogelstrom v. Murphy,* 70 Idaho 488, 492, 222 P.2d 1080, 1083 (1950) ("The constitutional guarantee that 'the right to trial by jury shall remain inviolate' has no reference to equitable cases."); and *Anderson v. Whipple,* 71 Idaho 112, 120, 227 P.2d 351, 355 (1951) ("These provisions [Idaho Const. art. 1, § 7, and art. 5, § 1] were not intended to and do not extend the right of trial by jury to suits in equity. Their function is to preserve the right as it existed at the date of the adoption of the constitution.").

[2] The Court in the *Dover Lumber Co.* case recognized and overruled the *dicta* in *Robertson v. Moore,* 10 Idaho 115, 77 P. 218 (1904), and *Sandstrom v. Smith,* 12 Idaho 446, 86 P. 416 (1906), which the majority opinion uses as its justification in overruling nearly a dozen Idaho cases. The Court in *Dover Lumber Co.* stated:

"In *Johnson Service Co. v. Kruse,* 121 Minn. 28, Ann.Cas. 1914C, 850, 140 N.W. 118, the law as above quoted was followed, and there is appended to that case an exhaustive note showing it to be supported by the great weight of authority. By an expression, which was *obiter dictum,* in *Robertson v. Moore,* 10 Ida. 115, 77 P. 218, and again in *Sandstrom v. Smith,* 12 Ida. 446, 86 P. 416, this court seems to have announced a contrary doctrine, and these cases, so far as they conflict with the rule above quoted, are hereby overruled." 31 Idaho at 284, 170 P. at 110.

*Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951); *Boesiger v. Freer,* 85 Idaho 551, 381 P.2d 802 (1963); *Carpenter v. Double R Cattle Co., Inc.,* 108 Idaho 602, 701 P.2d 222 (1985).

The most recent recognition of the principle that once equity has obtained jurisdiction of a dispute, equity will proceed, without a jury, to settle all the controversies between the parties with respect to the initial dispute, came earlier this year in *Nash v. Overholser,* 114 Idaho 461, 757 P.2d 1180 (1988). In *Nash* this Court acknowledged the rule that in an equitable action (in *Nash* it was a divorce proceeding) a litigant is not entitled to a jury trial on a legal counterclaim. The Court in *Nash* held that the wife was not required to join a legal tort claim against her husband in their equitable divorce action because, if the wife was required to join the tort claim, she would have to "waive the right to a jury trial on the tort claim." Now, three months later, the majority has turned 180°, holding that joining a legal counterclaim to an equitable cause of action does *not* "waive the right to a jury trial on the [legal] claim." Today the Court has also overruled the rationale for our recent decision in *Nash v. Overholser, supra.*

With one stroke of the pen, contained in a remote footnote on the last page of its opinion, the majority overrules this ninety-year-old line of Idaho cases which held that once equity has obtained jurisdiction of a dispute, equity will proceed, without a jury, to settle all of the controversies between the parties with respect to the initial dispute. Two explanations are given for the majority's action.

The first is that "[c]onstitutional provisions should be construed so as to give them practical affect according to the intention of the framers. (*Citing* cases.)" *Ante* at 249, 766 P.2d 719. However, after setting out this "intention of the framers" rule, the majority makes no analysis of what the intention of the framers was. However, this Court has held, on innumerable occasions, that the "intention of the framers" in adopting Article 1, § 7, of the Idaho Constitution was to codify the common law right to trial by jury as it existed at the time of the adoption of the Constitution. As this Court stated in its earliest case on the subject, *Christensen v. Hollingsworth,* 6 Idaho 87, 93, 53 P. 211, 212 (1898),

> "It is the settled doctrine in a number of states having constitutional provisions similar to those above cited [including Art. 1, § 7, of the Idaho Constitution, "the right of trial by jury"] that those provisions must be read in the light of the law existing at the time of the adoption of the constitution."

Again in *Portneuf Irrigating Co., Ltd. v. Budge,* 16 Idaho 116, 125, 100 P. 1046, 1049 (1909), the Court stated:

> "The constitutional guaranty of the right to trial by jury is clearly a guaranty of the right that existed at the time of the adoption of the constitution; that right was the common-law right."

Recently, in *Rudd v. Rudd,* 105 Idaho 112, 666 P.2d 639 (1983), we stated:

> "The Idaho Constitution guarantees the right to a jury trial in cases arising at common law. *See* Idaho Const. art. 1, § 7.
>
> "This provision's 'function is to preserve the right [to a jury trial] as it existed at the date of the adoption of the Constitution.' *Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951). Historically, the right to trial by jury existed only in cases at common law, *not in cases triable in a court of equity.* Thus, by preserving the right as it existed, this constitutional provision merely preserves the right to a trial by jury in cases at common law. 'Th[is provision was] not intended to and do[es] not extend the right of trial by jury to suits in equity.' *Anderson v. Whipple, supra.*" 105 Idaho at 115–116, 666 P.2d at 642–643 (bracketed material in original, emphasis added).

The common law right to a jury trial in existence at the time that Article 1, § 7, of the Idaho Constitution was adopted, did not permit a jury trial on a legal counterclaim filed in an equitable action for the fore-

closure of a mortgage.[3] Accordingly, had the majority made an analysis of the "intention of the framers," it would recognize how egregiously it errs when it overrules all of our prior cases (each making such an analysis) clear back to the time of the adoption of the Constitution itself.

The second justification made in the majority opinion is Federal Rule of Civil Procedure 13(a) and the decision of the United States Supreme Court in *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The majority opinion states: "We abide in the authority and the clear analysis of the Court in Beacon Theaters, Inc.," without recognizing that just this year we rejected the pleading rationale of the *Beacon Theaters* case in *Nash v. Overholser*, 114 Idaho 461, 757 P.2d 1180 (1988).

The United States Supreme Court has never held that the right to jury trial in the seventh amendment of the United States Constitution is binding upon the states through the fourteenth amendment. *Rudd v. Rudd*, 105 Idaho at 115, 666 P.2d at 642. Therefore the *Beacon Theaters* case is not binding upon this Court. This Court has just recently held that we are not reluctant to interpret our Constitution differently from the United States Constitution. *State v. Thompson*, 114 Idaho 746, 760 P.2d 1162 (1988). We have done so for over ninety years on this issue of the right to a jury trial on counterclaims in equitable foreclosure proceedings. The majority opinion has failed to explain why ninety years of Idaho precedent should be overruled, particularly in a case such as this where the issue is totally premature. The majority opinion has failed to demonstrate that the

"intentions of the framers" is anything different than the common-law rule which existed at the time the Idaho Constitution was adopted, which provided that "a defendant who pleads a counterclaim in an equitable action is not entitled, as a matter of right, to a jury trial of the issues arising thereon." *Johnson v. Niichels*, 48 Idaho 654, 659, 284 P. 840, 842 (1930); *Christensen v. Hollingsworth*, 6 Idaho 87, 53 P. 211 (1898).

Thus, our decision and analysis in *Rudd v. Rudd, supra*, applies with equal force to the instant action. As has been established above, a foreclosure action is an action in equity. "Thus, the right to a jury trial does not exist ... [and] [s]ince no right existed, [petitioners were] not denied any constitutional rights under Article 1, § 7, of the Idaho Constitution." *Rudd v. Rudd*, 105 Idaho at 116, 666 P.2d at 643. *Accord Skelton v. Spencer*, 102 Idaho 69, 76, 625 P.2d 1072, 1079 (1981), *cert. denied*, 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981), *quoting with approval Fein v. Schwartz*, 404 S.W.2d 210, 228 (Mo.Ct.App. 1966) ("The instant suit is one in equity in which a trial by jury did not exist at common law and never has as a matter of right in this state.").

In *Johnson v. Niichels*, 48 Idaho 654, 284 P. 840 (1930), a case almost exactly like the present case, appellants were asserting a cross complaint and counterclaims using legal defenses in which they claimed they were entitled to a jury trial. This Court stated, quoting from *Christensen v. Hollingsworth, supra*, that it is settled doctrine in Idaho that the Idaho right to jury trial provision must be "read in the light of the law existing at the time of the adoption of

---

**3.** *Stevens v. Home Savings & Loan Ass'n*, 5 Idaho 741, 51 P. 779 (1898), is distinguishable. There, the trial court denied plaintiffs a jury trial on their complaint against a mortgage company for the $100 penalty provided for in R.S. § 3364 (now codified at I.C. § 45–915) for the mortgage company's failure to record a satisfaction of the mortgage. In narrowly tailored language, the *Stevens* Court granted a jury trial only on the suit to recover the statutory $100 penalty. 5 Idaho at 748. Jury trial was ordered only because the penalty was penal in nature, Harding v. Home Investment & Savings Co., 49 Idaho 64, 286 P. 920 (1930), and this Court has

previously recognized that sanctions "such as fines ... if serious and substantial enough, can rise to the level of criminal sanction." *State v. Bennion*, 112 Idaho 32, 44, 730 P.2d 952, 964 (1986). In 1898, when the *Stevens* case was decided, the $100 penalty was "serious and substantial enough [to] rise to the level of criminal sanction. ... In such a case, Article 1, § 7, would apply." *Id.* There has never been any question that at the time the Constitution was adopted a jury trial was allowed in all criminal proceedings. The counterclaim raised by Steed here, however, hardly fits that category. Accordingly, *Stevens* is inapplicable.

the constitution." 48 Idaho at 660, 284 P. at 842. The Court also noted that, "It is the settled rule of this court that a defendant who pleads a counterclaim in an equitable action is not entitled, as a matter of right, to a jury trial of the issues arising thereon. (Citing cases.)" *Id.* at 659, 284 P. at 842. The *Johnson* Court quoted from the very early case of *Burke Land & Livestock Co. v. Wells, Fargo & Co.*, 7 Idaho 42, 56, 60 P. 87, 91 (1900), and then concluded as follows:

" 'A court of equity, having obtained jurisdiction of a cause for any purpose, may retain it for all purposes, and proceed to a determination of all of the matters in issue.'

"We conclude, therefore, that appellants' contention in this respect is without merit, and that this was primarily an equity action and appellants were not entitled to a jury trial upon counterclaims of a legal nature."

Thus, while the majority correctly states the rule to be that Article 1, § 7, the constitutional right to a jury trial provision, "should be construed so as to give [it] practical effect according to the intention of the framers," the majority then makes no analysis of the intention of the framers of the Idaho Constitution. The majority does not mention the fact that this Court, on numerous prior occasions, has made that analysis and concluded that the framers intended that once "[a] court of equity, [has] obtained jurisdiction of a cause for any purpose, [the court] may retain it for all purposes, and proceed to a determination of all of the matters in issue." *Burke Land & Livestock Co. v. Wells, Fargo & Co., supra* at 56. *Accord Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951); *Fogelstrom v. Murphy,* 70 Idaho 488, 222 P.2d 1080 (1950); *Finlayson v. Waller,* 64 Idaho 618, 134 P.2d 1069 (1943); *Johnson v. Niichels,* 48 Idaho 654, 284 P. 840 (1930); *Gillette v. Oberholtzer,* 45 Idaho 571, 264 P. 229 (1928). Without explaining how the court erred in its earlier intent analysis, the majority arbitrarily overrules nearly 90 years of precedent in order to reach its

result in this case. The majority opinion ignores the prior efforts of numerous distinguished justices of this Court who have stated that the framers intended that "a defendant who pleads a counterclaim in an equitable action is not entitled, as a matter of right, to a jury trial of the issues arising thereon." *Johnson v. Niichels,* 48 Idaho at 659, 284 P. at 842.

Finally, the majority opinion laments that "judges and legislators in the United States in general, and in Idaho in particular, have evidenced an increasing tendency to arrogate power unto themselves by constricting and usurping the jury system." *Ante* at 248, 766 P.2d 718. The majority opinion then admonishes "[t]hose who believe in strict construction of our Constitution [to] recognize that the judiciary's oath to 'support and defend the Constitution' requires that we resist the temptation to enhance judicial power through encroachment into the provinces constitutionally delegated to the jury." *Ante* at 249, 766 P.2d 719. Those preachments, high sounding as they may be, will be recognized as empty rhetoric when compared to the decisions and opinions of this Court, rendered in just the last few months, which have overruled jury verdicts and deprived litigants of their constitutional right to a jury trial. *See, e.g., Harvey v. F-B Truck Line Co.,* 115 Idaho 411, 767 P.2d 254 (1988); and *Ross v. Coleman Co., Inc.,* 114 Idaho 817, 761 P.2d 1169 (1988) (Huntley, J., dissenting). Such contradictions, together with the overruling of a long line of Idaho precedent without explanation, have a seriously unsettling effect on the law, and leave the bench and bar with little direction in these matters. Neither obscure footnotes devoid of reasoning and analysis, nor high sounding phrases, appealing to the ear but concealing this Court's inconsistencies, advance either the cause of justice or the rational development of the law.

In sum, the petition for writ of mandamus should never have been entertained because: (1) the petitioner's claim is premature since the trial court has not made a final decision regarding whether it will allow the petitioners a jury trial on their legal counterclaims; (2) even assuming the

trial judge had made a final decision, his decision would be supported by nearly a dozen prior Idaho cases, and therefore it can hardly be said that he has exceeded his jurisdiction, abused his discretion, or committed any legal error; (3) the right to appeal, in any event, is an adequate remedy at law which, under all our cases, and I.C. § 7–303, precludes the issuance of the writ of mandate; and (4) 90 years of consistent precedent of this Court has correctly held that once an equity court has "obtained jurisdiction of the subject matter of a dispute, [it] will retain it for the settlement of *all* controversies between the parties...." *Boesiger v. Freer,* 85 Idaho 551, 563, 381 P.2d 802, 809 (1963) (emphasis added). That was the common law rule at the time the Idaho constitutional right to jury trial, Article 1, § 7, was drafted and adopted, and the clear intention of the framers was that Article 1, § 7, would codify the existing common law rule.

Accordingly, the petition for writ of mandamus should be dismissed.

SHEPARD, C.J., concurs.