[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action by Connecticut National Bank alleging that the defendant 1234 Summer Street Limited Partnership borrowed $1,600,000 on June 30, 1987, and to secure this loan mortgaged to the plaintiff certain property on Summer Street in Stamford. In addition to filing an answer, the defendant also filed a counterclaim which in essence alleges a breach of contract on the part of the plaintiff, arising out of a claim that the plaintiff agreed to "recast" the defendant's mortgage but never actually performed its agreement, and that the defendant "sought no further financing from any other entity." The counterclaim, however, does not appear to claim any specific relief, although its memorandum of law dated October 3, 1990 indicates that "money damages" are being claimed.
The defendant claimed the case for the jury docket and the plaintiff thereafter moved to strike the case from this docket. The issue is whether the defendant is entitled to a jury in a foreclosure action where the counterclaim alleges a breach of contract by the foreclosing plaintiff.
This analysis must start with Skinner v. Angliker, 211 Conn. 370,373-74, 559 A.2d 701 (1989), which sets forth the standards used to determine whether a party is entitled to trial by jury, stating:
 The constitution of Connecticut, article first, 19, states that `[t]he right of trial by jury shall remain inviolate.' is particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact.
 It is generally held that the right to jury trial `exists not only in cases in which it existed at common law and at the time of the adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto . . .' At common law, legal claims [were] tried by a jury, [and] equitable claims [were] tried by a court . . .' Equitable actions, therefore, are not within the constitutional guarantee of trial by jury.
 Moreover, General Statutes 52-215 provides that as a matter of right `civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity' should be entered on the docket as jury cases upon proper request. Section 52-215
goes on to state that certain enumerated actions CT Page 4614 and `all other special statutory proceedings, which, prior to January 1, 1880, were not triable by jury,' shall be tried to the court without a jury.
To determine whether a right to a jury trial exists under Article First, 19 of the Connecticut Constitution and 52-215 of the General Statutes, the court must decide "whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted." Skinner v. Angliker, supra, 376. This requires an inquiry into whether the action has its roots in the common law, and if so, whether the remedy was in law or roots in the common law, and if so, whether the remedy was in law or equity. Ibid. A right to a jury trial only exists if the action existed at common law and involved a legal remedy. Ibid.
To the same effect is Motor Vehicle Mfrs. v. O'Neill, 203 Conn. 63,76, 523 A.2d 486 (1987). ("Causes of action that are essentially cognizable at law are triable to a jury, while actions that are essentially equitable are not.") "Whether a claim is legal or equitable is an `elusive question,' and it requires an appraisal of the basic nature of the issues presented including the relief sought." Franchi v. Farmholme, Inc.,191 Conn. 201, 219, 464 A.2d 36 (1983). However, the type of relief requested is not dispositive. United States Trust Co. v. Bohart,197 Conn. 34, 45, 495 A.2d 1034 (1985). Where the essential basis of the action is such that the issues presented would be properly cognizable in an action at law, either party has a right to claim a jury trial. Ibid.
Turning specifically to the propriety of the jury claims in this case, I believe the closest case, although it is not exactly on point, is Savings Bank of New London v. Santaniello, 130 Conn. 206,211, 133 A.2d 126 (1943). This, too, was a foreclosure of a mortgage action and the defendant filed a "cross-complaint" involving alleged mismanagement by the plaintiff's assignor of certain securities held as collateral for other loans. This was characterized as a claim for set-off and did not involve the same transaction involved in the for closure, in which case the pleading would have been characterized as a counterclaim. The court went on to say that a claim of set-off in a foreclosure action was based on "equitable principles." In our case, defendant's pleading is denominated as a counterclaim, and purports to claim a breach of contract arising out of the same transaction that is the subject of the suit, namely, that the plaintiff promised but then reneged to recast the notes and/or mortgage.
There have been several relatively recent Superior Court decisions on this topic. In Gorbach Properties v. Guilmette,4 CSCR 430 (June 26, 1989), the defendant filed a counterclaim alleging that the mortgage being foreclosed was invalid for four reasons, usury, unconscionability, violations of the unfair trade practices statute (CUTPA), and of state and federal truth-in-lending regulations. The CT Page 4615 latter two allegations were deemed to be legal claims but the court decided that the counterclaim was "essentially equitable" and hence struck the case from the jury docket.
The defendant filed a counterclaim in Hebron Road Associates v. Alvord Associates, 4 CSCR 846 (December 11, 1989), asserting that the plaintiff had made false representations and also had committed a breach of contract and violated CUTPA. The court held that misrepresentation was an equitable defense and that this was the "major thrust" of the counterclaim and therefore this case was also stricken from the jury docket.
In Connecticut Bank and Trust v. Trolley Barn Corp., 2 CtLR 300 (October 1, 1980), the defendant filed a counterclaim requesting that a trust be impressed upon the mortgage being foreclosed, that the mortgage be subordinated to another mortgage, as well as claims for breach of contract, fraud, interference with contract, and CUTPA violations. The court noted that a constructive trust was an equitable remedy, as were specific performance and the requested "cancellation" of the mortgage, and therefore determined that the essence of the defendant's counter-claim was equitable and that the claim for equitable relief was relatively more important than the claim for legal relief, and thus a jury trial was not warranted.
Courts in other states have addressed this problem and recent decisions of the Supreme Courts of Idaho and Rhode Island illustrate the division in authority on the subject of jury trial in foreclosure actions where a counterclaim alleges a breach of contract.
In David Steed and Associates v. Young, 766 P.2d 717 (Idaho 1988), the defendant in a mortgage foreclosure action alleged, among other things, a cause of action for breach of contract. The court held that it was "irrelevant" whether the legal issues were incidental to the equitable claims, or whether the legal and equitable issues were inextricably intertwined, because the defendant should not have "his most precious constitutional right to trial by jury" denied him. Id. 720.
 "Since the right to a trial by jury is `inviolate' under the Constitution of the State of Idaho, a party to an equity action has a right to a jury trial on the legal causes of action raised pursuant to his compulsory counterclaim, unless there is a clear showing of `imperative circumstances' which would cause the claimant irreparable harm while affording a jury trial in the legal cause. Id., 720-21."
On the other hand, in Tilcom Gammino, Inc. v. Commercial Associates, 570 A.2d 1102 (R.I. 1990), a case concerning the foreclosure CT Page 4616 of a mechanic's lien where the defendants asserted a legal counterclaim, the Supreme Court of Rhode Island affirmed the denial of the defendants' motion for trial by jury on the ground that the filing of a counterclaim raising legal issues did not "recharacterize the action from an equitable proceeding to an action at law demanding a right to a jury trial."
 A respondent opting to file a counterclaim in the equitable proceeding cannot then convert the equitable action filed by the petitioner. The respondents have the choice of proceeding with their counterclaim in the table proceeding or reserving the claim and bringing a separate suit for breach of contract at law. The respondents cannot assert that their rights to a jury trial are being denied when the option of filing an independent action is readily available to them.
The motion to strike this case from the jury docket is granted for the reasons stated by the Supreme Court of Rhode Island as well as in the decisions quoted from our Superior Court, namely, that the basic thrust of a foreclosure action is equitable in nature, and the assertion of a counterclaim with legal causes of action should not be deemed to convert the case from its essential nature as an equitable action, and thus entitle the counterclaiming defendant to a jury trial.
Hence, the plaintiff's motion to strike the case from the jury docket is granted.
SO ORDERED.
Dated at Stamford, Connecticut this fourteenth day of December, 1990.
LEWIS. J.