**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41007**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 696 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 3, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTHONY STEVEN FIELD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order relinquishing jurisdiction, affirmed; judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for aggravated assault and consecutive five-year indeterminate sentence for unlawful possession of a firearm, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Anthony Steven Field pled guilty to aggravated assault and unlawful possession of a firearm. Idaho Code §§ 18-901(b), 18-905(a), 18-3316. The district court sentenced Field to a unified term of five years, with a minimum period of confinement of three years for aggravated assault, a consecutive five-year indeterminate sentence for unlawful possession of a firearm, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction and sua sponte reduced Field's determinate portion of his sentence for aggravated assault to two years. Field appeals asserting that the district court abused its discretion by relinquishing jurisdiction and by imposing excessive sentences.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Field has failed to show that the district court abused its discretion by relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the district court's order relinquishing jurisdiction and Field's judgment of conviction and modified sentence are affirmed.